**FAUGHT v. CLOUD.**

No. 2155.

Court of Civil Appeals of Texas. Waco.

July 13, 1939.

Joseph W. Hale and Travis McCown, both of Waco, for appellant.

W. S. Barron, of Bryan, for appellee.

ALEXANDER, Justice.

This is an appeal from a ruling of the trial court overruling the defendant Faught's plea of privilege to be sued in McLennan county, the county of his residence. The plaintiff Jess J. Cloud sued Anderson-Prichard Oil Corporation, alleged to be a foreign corporation with an agent in Texas, and Lynn Adams and C. M. Faught of McLennan county, Texas, in Brazos county for damages for personal injuries alleged to have been sustained by plaintiff. The defendant Faught filed a plea of privilege in due form, asserting his right to be sued in McLennan county. The plaintiff filed a controverting affidavit, which, omitting the introductory paragraph and prayer for relief, read as follows:

"Plaintiff shows to the court that his cause of action set out in his petition, or a part thereof, arose in Brazos county, Texas, and that said suit is against a private corporation and two individuals, one of whom is the defendant C. M. Faught; and under subdivision 23, Art. 1995, Revised Civil Statutes of Texas, the suit is properly brought in Brazos county, Texas.

"The plaintiff further shows to the court that the defective solvent, the explosion of which caused the injuries set out in plaintiff's petition, was delivered by the defendant C. M. Faught to plaintiff's place of business in Bryan, Brazos county, Texas, and was paid for by plaintiff at said place of business, and all the injuries resulting from said explosion occurred in Brazos county, Texas."

The trial court, after hearing the evidence, overruled the defendant Faught's plea of privilege. Faught appealed.

We are of the opinion that plaintiff's controverting affidavit was insufficient to controvert the defendant's right to be sued in the county of his residence. It will be noted that the controverting affidavit does not have attached to it a copy of plaintiff's petition, nor does it incorporate the allegations thereof by reference or otherwise. The controverting affidavit does not undertake to set out the facts constituting plaintiff's cause of action. It is a well established rule that a controverting affidavit to a plea of privilege must contain sufficient allegations within itself, or by appropriate reference, to set out a cause of action triable in the county where the suit is filed, Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, par. 3, and where the allegations contained in the petition are sought to be incorporated by reference, the reference must be sufficient to show that the party intended to swear to the truth of the matters alleged in the petition. In the case of A. H. Belo Corporation v. Blanton, 129 S.W.2d 619, 622 (decided June 21, 1939), the Supreme Court had before it the question of incorporating the petition by reference, and it was there said: "In other words, it is necessary, in order to comply with Article 2007, that the plaintiff in his controverting affidavit to such plea of privilege must allege, either in the controverting affidavit or by a specific reference to and adoption of allegations in his petition, sufficient facts as venue facts upon which the alleged cause of action is sought to be maintained. The statute specifically requires that a controverting affidavit to a plea of privilege must be verified. The controverting affidavit filed in this case referred to the petition 'for the purpose of showing that this is a civil libel suit,' and it does not appear that it was the purpose in referring to such petition, as was done, to unreservedly swear to the allegations contained therein. To meet the requirement of the statute, it was necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof, and thereby swore to the essential facts embodied in the entire petition. The statement made by plaintiff in his controverting plea, wherein he refers to his original petition 'for the purpose of showing that this is a civil libel suit,' and that he was a resident of Taylor county 'at the time of the accrual of said cause of action,' is not a sufficient compliance with the rule to defeat the plea of privilege as prescribed by Article 2007. See also Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300." (See also 43 Tex.Jur. 814)

Since plaintiff's controverting affidavit was insufficient in itself to set out a cause of action against the defendant and did not by reference or otherwise appropriately incorporate the allegations contained in plaintiff's petition, the controverting affidavit was insufficient to sustain venue of this suit in Brazos county.

The judgment of the trial court is reversed and the cause is remanded for a new trial.