## DUNCAN et al. v. DENTON COUNTY.
### No. 13964.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 13, 1939.

Rehearing Denied Nov. 24, 1939.

A. S. Jackson, of Dallas, for appellants.

Gerald Stockard and Earl L. Coleman, both of Denton, for appellee.

SPEER, Justice.

This appeal involves venue, the plea of privilege and controverting affidavit, under Articles 1995, 2007 and 3264 et seq., Vernon's Ann.Civ.St. arts. 1995, 2007, and 3264.

Denton County, the plaintiff, at the instance of the State Highway Department, sought to condemn a strip of land for highway purposes, through a tract owned by defendants, Duncan and wife. The Duncan tract consists of 470 acres, a part of which lies in Denton County and a part in Dallas County. The county line runs through the one large tract. Duncan and his family reside on that part of the tract lying in Dallas County. Denton County sought to condemn only a part of the land in Denton county. The description of that part to be condemned is described definitely.

Duncan timely filed his plea of privilege to be sued, if at all, in Dallas County, the place of his residence. Plaintiff, through its county attorney, filed its controverting affidavit. Duncan filed a general demurrer to the controverting affidavit. The issue of venue was thus made and tried to the court without the intervention of a jury. The plea of privilege was overruled and this appeal was perfected by Duncan.

There are two assignments of error brought forward in the brief. They are: (1) "The court erred in overruling defendants' general demurrer to plaintiff's controverting affidavit, to defendants' plea of privilege. And (2) the court erred in overruling defendants' plea of privilege to be sued in Dallas County, the county of their residence, this being a condemnation suit, and the tract of land, owned by defendants, a part of which is sought herein to be condemned, lying partly in Denton County and partly in Dallas County, and the defendants being bona fide residents of Dallas County."

The transcript contains the whole proceeding: The petition, order appointing commissioners, their oaths, notice of hearing, decision of the commissioners and defendants' exceptions and objections thereto. The plea of privilege and controverting affidavit, along with stipulated facts, supporting each, are likewise incorporated in the transcript.

The controverting affidavit, to which the general demurrer was directed, alleged that the action was one by the county to condemn certain portions of defendants' land situated in Denton County, for highway purposes; that the lands to be condemned are located exclusively in Denton County, Texas, and that no part of any land to be condemned, belonging to defendants, lies in any other county than said Denton County. The controverting plea further set out specifically that the provisions of Article 3264, R.C.S., conferred jurisdiction and venue in Denton County, the county in which the land was situated. The certificate of the officer who purported to administer the oath to the pleading, omitting formal parts, reads: "Before me, the undersigned authority, personally appeared Gerald Stockard, County Attorney, Denton County, Texas, attorney for said Denton County, and after by me duly sworn on his oath deposes and says the above and foregoing is true and correct."

Appellant Duncan argues in his brief that the general demurrer should have been sustained because the controverting affidavit was not sworn to as provided by law. If it could be said that the point raised could be reached by a general demurrer, a question we find it unnecessary to determine here, we think the pleading signed "Gerald Stockard, County Attorney, Denton County, Texas", taken in connection with the instrument to which the officer's certificate is attached, is a substantial compliance with Article 2007, R.C.S., which provides that if such plea is filed the plaintiff must do so under "oath". 2 Tex.Jur. p. 350, sect. 13 et seq. Even to concede that the plea was not made under "oath" and that the trial court, for that reason, should have sustained the general demurrer, it would not be determinative of the issue of venue, the only point before us, but the plea could be amended and meet the objection raised, requiring another hearing upon a state of facts which are stipulated to be true. Texas Acceptance Corporation v. Strickland, Tex.Civ.App., 91 S.W.2d 1179. The last cited case did not turn upon the sufficiency of the officer's certificate but

upon allegation of the specific facts relied upon by plaintiff to confer jurisdiction. The plea was held to be a conclusion of the pleader and not of facts supporting the conclusion. We see no merit in the assignment and it is overruled.

The second assignment mentioned above raises the points (a) that the controverting affidavit does not mention either of the exceptions to Article 1995, R.C.S., as one relied upon by plaintiff to confer venue in Denton County, and (b) since the stipulated facts disclose that defendants are the owners of a tract of land lying in both Denton and Dallas Counties, and that they reside in Dallas County, venue in this proceeding is in Dallas and not Denton County.

■ We think the better practice is that plaintiff, who seeks to hold venue in a county other than the residence of defendants, the controverting affidavit should state specifically the subdivision of the general statute relied upon. But this cannot be made the test for the reason the statute does not require it in so many words, nor by necessary implication. Article 2007, R. C.S., provides, among other things, on this question: " * * * If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending." It will be noted that the plea must contain the specific *facts* and not the law relied upon.

Article 1995, sect. 30, reads: *"Special venue.*—Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which the jurisdiction may be so expressly given."

The controverting affidavit in this case specifically plead that the land sought to be condemned lay wholly in Denton County and that no effort was being made to condemn land, or any part thereof, situated in any other county. It further plead: "That under Article 3264, R.C.S. of 1925 that such suit for condemnation may be tried in the county in which the land or any part thereof, is situated."

The whole of the article of the statute plead by plaintiff, insofar as applicable to this appeal, reads: "When real estate is desired for public use by the State or by a county * * * the party desiring to condemn the property after having failed to agree with the owner of the land on the amount of damages shall file a statement in writing with the county judge of the county in which the land or a part thereof is situated. It shall describe the land sought to be condemned, state the purposes for which it is intended to be used, the name of the owner, if known, and that the plaintiff and the owner have been unable to agree upon the value of the land or the damages. Where the land lies in two or more counties, in one of which the owner resides, the statement shall be filed in the county of the owner's residence." All the requisites contained in the statute were complied with in this case. The only contention made by defendants in this respect, is that plaintiff sought to condemn a part of their land, and although that part lay in Denton County, yet it was a part of the large tract which lay in both counties, and that since defendants resided in Dallas County, the statement referred to in the statute should have been filed in Dallas County, as a basis for a suit in that county for condemnation. It is contended that such filing being a prerequisite to the institution and prosecution of a condemnation suit against them, their plea of privilege should have been sustained.

■ We think that where, as in this case, plaintiff, Denton County, sought only to condemn land which lay in that county, even though it was for public highway purposes, and it was reasonably contemplated that a continuation of the right of way would be procured by Dallas County over lands in that county belonging to the same owner, Denton County was well within the provisions of the statute quoted when it instituted the suit for that purpose in the county where the land was situated.

■ The last part of the quoted statute, which reads: "Where the land lies in two or more counties, in one of which the owner resides, the statement shall be filed in the county of the owner's residence", is referable to instances in which a condemner attempts to take lands of another located in more than one county. To give the statute the construction contended for by defendants would be to hold (a) that Denton County is seeking to condemn land in Dallas County, and (b) that the courts of Dallas County could condemn land in Denton County for highway purposes. In view of the fact that plaintiff did not attempt to take any of defendants' land situated in

Dallas County, it becomes unnecessary for us to express our opinion upon whether or not that county could condemn land in Denton County for the purposes mentioned.

That part of the statute last above quoted has been applied in only two instances by our courts, insofar as we have been able to find. Houston & T. C. Ry. Co. v. Postal Telegraph Cable Co., 18 Tex.Civ.App. 502, 45 S.W. 179, and Postal Telegraph Cable Co. v. Texas & N. O. R. Co., Tex.Civ.App., 46 S.W. 912. Those were cases in which a telegraph company sought to condemn an easement for constructing its poles and lines along the right-of-way of a railway company, extending through two or more counties. But, as stated, the cause of action sought condemnation of the property in more than one county, whereas in the case at bar no such question is before us. We overrule the assignment.

There being no error in the judgment of the trial court overruling the plea of privilege, its judgment is affirmed.