RED ARROW FREIGHT LINES, Inc., v.
CAGLE et al.
No. 2743.

Court of Civil Appeals of Texas.
Tenth District. Waco.
Dec. 18, 1947.

Leachman, Matthews & Gardere, of Dallas, for appellant.

Pevehouse & McCall, of Corsicana, for appellees.

**1020**

TIREY, Justice.

Red Arrow Freight Lines, Inc., has appealed from an order overruling its plea of privilege to be sued in Harris county, the county of its residence. Sue Cagle, a minor, by and through her next friend, Jewell Cagle and Wesley Cagle, appellees, brought suit in the district court of Navarro county, Texas, against Red Arrow Freight Lines, Inc., for damages arising from a collision between an automobile in which appellee Sue Cagle was riding and the truck of appellant, which collision occurred in Freestone county, Texas. Appellees, in their controverting affidavit, sought to hold venue in Navarro county under Sec. 23 of Art. 1995, R.C.S.1925, and specifically alleged in effect that the defendant was a private corporation and had an agency or representative in Navarro county, the county in which the suit was filed. The controverting affidavit did not allege that the plaintiffs resided in Navarro county at the time the cause of action or a part thereof arose as provided in Sec. 23 of said Article, aforesaid, as amended by Acts 1943, 48th Leg., p. 350, ch. 228, sec. 1, Vernon's Ann.Civ.St. art. 1995; subd. 23.

After appellant filed its brief, appellees confessed error and said: "Appellees confess error in the trial court in failing to prove that appellees resided in Navarro county, Texas, at the time the cause of action in this suit arose, but this cause should be reversed and remanded for another trial and not rendered and transferred as prayed by appellant." It appears that in plaintiffs' petition filed in the court below, they alleged substantially that plaintiffs all resided in Navarro county at the time the cause of action arose, but no allegation as to the residence of plaintiffs was made in their controverting affidavit to the appellant's plea of privilege, nor did the affidavit make any reference to the petition, nor was any proof of plaintiffs' residence made at the hearing on the plea of privilege. It is appellant's position here that since the appellees have confessed error and stated in effect that their pleadings state no cause of action against appellant's statutory plea of privilege, and since under the pleadings on the plea of privilege appellees cannot introduce any testimony which would support the holding of venue in Navarro county, it is the duty of this court, under Rule 434, Texas Rules of Civil Procedure, to reverse and render the cause and order it transferred to Harris county, appellant's residence. We overrule this contention.

In Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, points 3 and 4, our Supreme Court announced a rule which is broad and sweeping in its scope. In Underwriters Life Ins. Co. v. Bornemann, Tex.Civ.App., 141 S.W.2d 1005, 1007, we find this statement: "It is now settled that where a case, including orders on pleas of privilege, has not been fully developed, and the ends of justice may be best subserved by a remand, rather than a rendition thereof, it may be remanded to the trial court for another hearing, instead of being rendered." See Page 1007 for collation of authorities. In Brown v. Cox, Tex.Civ. App., 53 S.W.2d 848, 850, the Austin Court of Civil Appeals reversed a judgment of the trial court overruling defendant's plea of privilege because the controverting affidavit of the plaintiff, relying on subdivision 5 of Art. 1995, R.C.S., had not alleged a binding contract performable in the county where the suit was brought. The court said: "But this error does not require that upon reversal the case be transferred to Travis County. Where the ends of justice will be best subserved by a remand, that is the proper course, even though amendment of the pleadings upon another trial may be necessary. And this course has been followed in appeals from judgments on pleas of privilege." See collection of authorities on page 850. In Pullen v. Carpenter, Tex.Civ.App., 83 S.W. 2d 384, 386, the Austin Court had a similar question before it and held: "It has been held by this and several other Courts of Civil Appeals that where it clearly appears that the venue is properly laid in the county of suit, change of venue will not be ordered, but the cause will be remanded to the trial court to cure mere defects in pleading or proof." See also Howell v. Dixon, Tex.Civ.App., 89 S.W.2d 243;

Sparks v. West, Tex.Civ.App., 41 S.W.2d 301; Walker v. Martin, Tex.Civ.App., 129 S.W.2d 1149.

Our Supreme Court has not departed from the broad rule announced in Lanford v. Smith, supra, with reference to reversing and remanding pleas of privilege when the ends of justice justify such action. See Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688, 689. The facts in the above case are set out in detail in the opinion of this court, Tex.Civ.App., 174 S.W.2d 98, and the new rules as applicable to pleas of privilege were discussed in detail in both the majority and dissenting opinions, and on motion for rehearing the pertinent questions were certified to the Supreme Court. The Supreme Court, after reviewing some of the salient facts, said: "After a very careful consideration of the case, we have concluded that the record as a whole presents error and that the ends of justice will be better subserved if the judgment is reversed and the cause remanded and the parties are given an opportunity to try the issues on their merits under properly drawn pleadings. We answer that the Court of Civil Appeals erred in affirming the judgment of the trial court. Of course, both parties will have a right to recast their pleadings and put them in proper form upon another trial. 43 Tex.Jur. 831."

Appellees say that they come within the provisions of this general rule in that upon a trial of the cause appellant did not contend that the controverting affidavit was insufficient for failure to allege the residence of plaintiffs to be in Navarro county at the time the cause of action arose, nor did appellant at any time during the trial contend that the plea of privilege should be sustained because of plaintiffs' failure to prove that appellees resided in Navarro county and that the point concerning the residence of plaintiffs is raised for the first time on this appeal. Our view is that under the authorities hereinabove cited, appellees are within this broad general rule, and accordingly the judgment of the trial court is reversed and the cause remanded to the district court of Navarro county for a new trial, and the parties shall have a right to replead if they so desire.

The judgment of the trial court is reversed and the cause is remanded.