## CHAPMAN v. FIRST NAT. BANK OF WELLINGTON.

No. 5962.

Court of Civil Appeals of Texas. Amarillo.

May 9, 1949.

Joe S. Moss, Post, for appellant.

R. H. Cocke, Wellington, for appellee.

PITTS, Chief Justice.

This is a venue suit in which appellee, The First National Bank of Wellington, Texas, a corporation, sued appellant, O. C. Chapman, in Collingsworth County for the collection of three promissory notes, together with interest thereon and attorney fees, aggregating $973.50. Appellant filed his plea of privilege to be sued in Garza County, the county of his residence. Appellee filed its controverting affidavit seeking to maintain venue in Collingsworth County under the provisions of Subdivision 5 of Article 1995, Vernon's Annotated Civil Statutes, contending that its alleged cause of action was based upon written contracts performable in Collingsworth County. The case was tried to the court without a jury and the plea of privilege was overruled from which order appellant perfected his appeal.

Appellant challenges the sufficiency of appellee's pleadings set out in its verified con-

troverting plea and charges, in effect, that such pleadings were insufficient to support the trial court's judgment.

In recognition of the provisions of Rule 86, Vernon's Texas Rules of Civil Procedure, requiring a controverting plea in such cases to be made under oath, setting out specifically the grounds relied upon to confer venue of the cause of action upon the court in Collingsworth County, appellee sought to make its original petition filed in the case a part of its verified controverting plea. The statement of facts reveals however that, when the notes in question were offered in evidence by appellee at the trial, appellant's counsel objected to the admission of such notes in evidence for various reasons, one of which was because of a variance between the maturity dates pleaded and the maturity dates shown on the face of two of the notes. Although the controverting plea purported to include appellee's original petition and the same had been signed and sworn to by R. D. Wiley, president of the bank, appellee herein, a trial amendment was filed by appellee, with the permission of the trial court, materially changing the original petition by interlineations correcting the variances pointed out by making the maturity dates of the said notes in the pleadings correspond to those on the face of the notes. Thereafter, with the permission of the trial court, an amended pleading was filed by appellee in lieu of its original pleading before judgment was rendered, which amended pleading likewise eliminated the variances previously shown. Appellee's original pleading having been superseded during the trial by an amended pleading, the said original pleading should have been no longer regarded as a pleading in the record unless the same may have some bearing on the question of limitation in the trial on the merits. Rule 65, T.R.C.P. The record reveals that the maturity date on each note was November 1, 1943; that appellee's original petition was filed November 30, 1948; that appellant's plea of privilege was filed January 3, 1949; that appellee's controverting plea was sworn to and filed January 4, 1949; that the trial was had on January 24, 1949; that appellee's trial amendment was interlined with the permission of the trial court during the trial; that, with the permission of the trial court, appellee's amended petition was filed in lieu of its original petition on January 31, 1949; and that the trial court's judgment overruling the plea of privilege was dated, announced and filed on February 11, 1949.

According to the record appellee sought to make its original petition a part of the controverting plea when the same was sworn to, yet thereafter it made a material change in the contents of the said original petition and substituted an amended pleading therefor as heretofore stated. Although appellee's original petition had been substituted for and amended by a new pleading, a new controverting plea was not filed. Insofar as the record reveals R. D. Wiley, who swore to appellee's controverting plea, which purported to include the said original petition, knew nothing of the changes having been made in the pleadings.

It is our opinion that such changes constituted irregularities that resulted in errors being committed. It has been held that the pleadings of either party may be amended in a venue suit. Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644. However, for the reasons hereinafter stated, the essential, necessary verified allegations to sustain venue cannot be eliminated or materially changed after they are sworn to without impairing such pleadings or making the same defective unless new and sufficient pleadings are filed in lieu thereof. When appellee as plaintiff in the trial court relied on Subdivision 5 of Article 1995 to maintain a suit in Collingsworth County against appellant as defendant, it was appellee's duty to allege and prove a cause of action against appellant and to properly plead and prove venue in said county if required so to do. At the venue hearing in this case, appellee's verified controverting plea constituted its pleadings on the issue of venue. Such a pleading must allege specifically and positively such facts as were necessary to establish venue in the court where the case was pending. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Jefferies v. Dunklin, Justice, 131 Tex. 289, 115 S.W.2d 391; Robinson v. Glasse, Tex. Civ.App., 188 S.W.2d 598.

320

In the instant case the affidavit to the controverting plea signed and sworn to by W. D. Wiley for appellee, makes no reference to appellee's original petition or its contents, although the said petition is mentioned in the body of the controverting plea and recites that it is made a part thereof. Nevertheless, it has been many times held that "Plaintiff's (appellee here) petition cannot be considered in aid of the controverting affidavit unless it or the allegations therein necessary to establish venue are adopted or are so incorporated by reference in the affidavit as to show that plaintiff intended to unreservedly swear to all of such facts contained in the petition." Robinson v. Glasse, supra, and numerous other authorities there cited supporting such a rule. The affidavit purporting to verify the controverting plea must be direct and unequivocal as to the facts sworn to and must include the petition or the facts therein alleged. The affidavit must be sufficiently definite that, if untrue, the affiant would be subject to prosecution for perjury. Fair v. Mayfield Feed & Grain Co., Tex. Civ.App., 203 S.W.2d 801; C. F. Lytle Co. v. Preston, Tex.Civ.App., 175 S.W.2d 440; American Mortg. Corporation v. Smith, Tex.Civ.App., 35 S.W.2d 1092; Uvalde Const. Co. v. Waggoner, Tex.Civ.App., 159 S.W.2d 203; 2 Tex.Jur. 360, Sec. 21. When these rules are applied to appellee's pleadings on the issue of venue in this case, its verified controverting plea does not meet the requirements of the law, whether its original petition had been superseded by an amended pleading or not. Its controverting plea standing alone unaided by its petition is insufficient. Bender v. Kowalski, Tex.Civ. App., 13 S.W.2d 201; Panther Oil & Grease Mfg. Co. v. Anderson, Tex.Civ.App., 138 S. W.2d 561; Jones v. Davis, Tex.Civ.App., 149 S.W.2d 165; Sharp v. Frizzel, Tex.Civ. App., 153 S.W.2d 543; 6 Tex.Jur. 901–2, Sec. 237, and other authorities heretofore cited.

The record reveals that the court of Collingsworth County has venue of the case except for the fatal irregularities in the proceedings. Because of such irregularities "the case cannot be made to fit into any standard pattern or rule of decision."

Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688, 689. Because of the errors shown and because of the nature of the case, it is our opinion that the ends of justice will be better subserved if the judgment of the trial court be reversed and the cause remanded in order that the venue issues may be heard on their merits under pleadings properly drawn and presented as was ordered done in a similar case by the Supreme Court in the last cited authority. The judgment of the trial court is therefore reversed and the cause remanded.