**POOL v. SANDERS et al.**

No. 15259.

Court of Civil Appeals of Texas.
Fort Worth.

July 13, 1951.

Jack Keller, Dallas, for appellant.

Ross Hardin and W. A. Hawkins, both of Fort Worth, for appellees.

HALL, Chief Justice.

This appeal is from an order of the district court of Tarrant County overruling appellant Ray Pool's plea of privilege, seeking transfer of the case to Dallas County, where he claims to have resided at the time the suit was filed.

Appellee Austin Harris, one of the plaintiffs, filed a controverting plea, evidently for the benefit of all the plaintiffs, since the brief is filed in behalf of all appellees.

Appellant's point one complains of the trial court's action in overruling his exception to appellees' controverting affidavit.

Appellees' counter-point is as follows: "Since the court did not rule on appellant's exceptions to appellee's Controverting Affidavit, such exceptions and objections were waived and no error is shown."

We note the following order of the trial court pertaining to appellant's exceptions to appellees' controverting affidavit:

"Fort Worth, Texas,
"April 14, 1951.

"The plaintiffs' controverting affidavit to the defendant's plea of privilege was filed and heard without any notice being given to the defendant and by reason thereof the defendant was given verbal permission by the court to file this answer at any time after the hearing, and such answer is hereby ordered filed.

"(Signed) R. B. Young, Judge,
"48th Judicial District of Texas."

Appellees' controverting plea was filed on February 22, 1951. The trial court's order overruling appellant's plea of privilege was dated February 23, 1951 and entered March 30, 1951. We think under the above state of facts appellant's exceptions to appellees' controverting affidavit are before us.

■ Said exceptions specifically point out that appellees' controverting affidavit does not allege facts to sustain venue under any of the exceptions to the general venue statute giving a person the right to be sued in the county of his residence.

Our answer to appellees' counter-point is in the negative.

Appellant's second point is directed to error of the trial court in overruling his plea of privilege because appellees failed to prove that the trial court had jurisdiction of the law suit.

■ We sustain his contention. Requisites of the plea are set forth in Rule 86, Texas Rules of Civil Procedure, as amended, and such plea of privilege when filed is prima facie proof of defendant's right to a change of venue, unless plaintiff shall file a controverting plea under oath setting out specifically the grounds relied upon to retain venue in the county where he files his law suit.

In the case before us, appellees' purported controverting affidavit does not contain any language which might be construed to be a cause of action alleged against appellant; neither do they make their petition a part of said controverting affidavit. The following paragraph is the only one in the controverting affidavit pertaining to a cause of action or plaintiffs' petition:

"Plaintiff filed herein, on the 10th day of February, 1951, a petition against the defendant herein, and that it was alleged in such petition that the defendant resided in Tarrant County, Texas. The allegations of such petition are true and correct."

■■ When a plea of privilege is filed, the burden then shifts to the plaintiff to plead and prove sufficient facts necessary to confer venue on the court where the cause is pending. It is also the law of this state that the nature of plaintiff's cause of action must be ascertained from the affirmance of his petition, which fixes his action as one to recover judgment within purview of the court's jurisdiction.

■ The pleadings in a venue case consist of a controverting affidavit and from it alone the court must ascertain whether or not it has jurisdiction. Such controverting affidavit must set out facts relied upon to confer venue upon the court where suit is pending. See C. F. Lytle Co. v. Preston, Tex.Civ.App., 175 S.W.2d 440. In other words, to overcome the plea, plaintiff must plead and prove by competent evi-

dence specific venue facts upon which he relies to maintain the suit. Merchants Fast Motor Lines v. Levens, Tex.Civ.App., 161 S.W.2d 853; Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801.

We find appellees' controverting affidavit is insufficient to retain venue in Tarrant County since they had the burden to allege and prove a cause of action against appellant. See Fair case, supra; Spencer v. Gray, Tex.Civ.App., 209 S.W.2d 651; Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749; Savage v. Herrin Transfer & Warehouse Co., Tex.Civ.App., 219 S.W.2d 101; Jefferies v. Dunklin, 131 Tex. 289, 115 S.W.2d 391; A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

Appellees specifically object to our considering appellant's brief because the same was filed late in the Clerk's office of this Court. This belated filing was permitted by this Court under authority set out in Rule 414, T.R.C.P.; appellees were notified of such late filing but did not file a protest. By agreement between attorneys for appellees and this court, submission date was postponed from June 15 to June 29, in order that said attorneys would have time to prepare their brief.

The trial court's order overruling appellant's plea of privilege is reversed and judgment here rendered directing that appellant's plea of privilege be sustained and the cause ordered transferred to Dallas County, under Rule 89, T.R.C.P.