**L. N. CRIM, Appellant,**

v.

**James H. LOGAN et ux., Appellees.**

**No. 3245.**

Court of Civil Appeals of Texas.

Waco.

March 17, 1955.

Rehearing Denied April 14, 1955.

Paul M. Branch, Kilgore, Hurst & Burke, Longview, for appellant.

Chas. F. Umphress, Dallas, for appellees.

McDONALD, Chief Justice.

This appeal is from an order of the District Court of Dallas County overruling appellant L. N. Crim's plea of privilege seeking transfer of the case to Rusk County, where he lived at the time the suit was filed. Appellees Logan and wife brought suit in Dallas County against appellant and A. M.

Morgan for the recovery of an alleged debt. Appellant Crim filed a plea of privilege to be sued in Rusk County, the county of his residence. Appellees filed a controverting affidavit to Crim's plea of privilege predicated *solely* on the following ground: "That subdivision 4 of Article 1995, Vernon's Civil Statutes, providing an exception to exclusive venue in the county of one's residence applies in this case, in that there are two defendants, residing in different counties, in this case, and that one of said defendants, to-wit, A. M. Morgan, resides in Dallas County, where this suit was filed, and is now pending." The appellant excepted to the controverting affidavit above quoted, in that appellees' controverting affidavit failed to allege either a joint cause of action, or a cause of action against any defendant.

The Trial Court overruled appellant's special exceptions, and proceeded to hear evidence, after which it entered an order overruling appellant Crim's plea of privilege.

Appellant Crim appeals to this court contending that the controverting affidavit filed by appellees is insufficient to confer venue on the Trial Court. We sustain appellant's contention.

Rule 86 T.R.C.P. provides that if a plaintiff desires to controvert a plea of privilege, he must file a controverting plea under oath, *setting out specifically the grounds relied on to confer venue of such cause on the court where the cause is pending.*

■ Both under Rule 86 and under Article 2007 R.C.S., which is the source of Rule 86, it has been repeatedly held that the grounds relied upon to confer venue which must be alleged in the controverting affidavit are: 1) statement of a cause of action against some defendant, and 2) statement of or reference to the exception to Article 1995 relied on to sustain venue as

against the party filing the plea of privilege.

In the case before us the appellees' purported controverting affidavit, quoted supra, does not contain any language which might be construed to state a cause of action against appellant or anyone else. Neither do appellees make their petition a part of the controverting affidavit. The instrument merely recited that there are 2 defendants, one in Dallas County and one in Rusk County, and that subdivision 4 of Article 1995 applies to this case.

■ Since appellees' controverting affidavit is wholly insufficient in itself to set out a cause of action against the appellant (or anyone else), and since it did not by reference or otherwise appropriately incorporate the allegations contained in appellees' petition, the controverting affidavit is insufficient to sustain venue of this cause in Dallas County. Some of the authorities in keeping with the foregoing are: 43–B Tex.Jur. 306; Rule 86 T.R.C.P. and annotations thereunder; Faught v. Cloud, Tex.Civ.App., 131 S.W.2d 137; Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801; Pool v. Sanders, Tex. Civ.App., 241 S.W.2d 739.

■ We have concluded that the Trial Court should have sustained appellant's special exceptions, and that appellees should have then been given an opportunity to amend their controverting affidavit.

■ From the foregoing it therefore follows that the judgment of the Trial Court must be reversed and that the ends of justice will be better subserved if the cause is remanded and the parties given an opportunity to try the issues on their merits under properly drawn pleadings. Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688.

The judgment of the Trial Court is accordingly reversed and remanded.