**W. D. EASTLAND, Appellant,**

v.

**E. E. WHITMAN, Appellee.**

No. 13323.

Court of Civil Appeals of Texas.

Houston.

Nov. 6, 1958.

W. L. Eason, Woodrow F. Eason, Waco, for appellant.

No attorney for appellee.

BELL, Chief Justice.

Appellee sued appellant in Harris County. He alleged that he delivered two of his checks drawn on the Pasadena State Bank payable to appellant. One was for $3,500 and one was for $4,000. He then alleges the checks were delivered to appellant as an escrow agent to be held by appellant in trust for appellee until appellee

should demand a return of the $7,500. There is an allegation that appellee demanded a return of the money and appellant has refused to pay appellee.

In the time provided by law appellant filed his plea of privilege, which was in due form, asserting his right to be sued in McLennan County, the county of his residence. An alleged controverting affidavit was filed by appellee in which it was asserted venue lay in Harris County because suit was brought on written instruments executed and payable in Harris County. The allegations of the petition are not repeated in the controverting plea but the petition is adopted and made a part of the plea by reference.

The controverting plea was sworn to as follows:

"Before me the undersigned authority on this day personally appeared Ben Blum, attorney for E. E. Whitman, and who being duly sworn upon oath did depose and say: 'I am the attorney for E. E. Whitman in the above numbered and entitled cause; that I have read the above and foregoing controverting affidavit, and all matters of fact stated therein are true and correct, upon information and belief, and I am authorized to make this affidavit upon behalf of the said Plaintiff herein.'

"/s/ Ben Blum

"Sworn to and subscribed before me, the undersigned authority on this —— day of June, 1956.

"

Notary Public in and for Harris County, Texas."

The jurat was not completed, as is shown by the blank spaces. There is no signature by a notary.

It appears that nothing further was done by anyone until January 27, 1958. The judgment appealed from was entered on the last mentioned date. It recites the filing of the plea of privilege, the contro-

verting plea, that there had never been a setting of the plea of privilege until it was set for the week of January 27, 1958, and that notice of the hearing for January 27 was given appellant's attorney. The judgment recites that neither the appellant nor his attorney appeared and that after hearing the pleadings and the evidence, the court was of the view that the plea of privilege should be overruled. There being no answer to the merits on file, the court rendered judgment against appellant for $7,500.

There is nothing to show that a copy of the controverting plea was ever served on appellant or his attorney. Such is required by Rule 87, Texas Rules of Civil Procedure.

The case reaches this Court through writ of error sued out on April 22, 1958.

■ The controverting plea was fatally defective in three respects. The jurat was unsigned. Thus there was no certificate of a person authorized to administer oaths that the plea had in fact been sworn to. The purported affidavit states the plea was sworn to on "information and belief." For there to be a verification prescribed by Rule 86, T.R.C.P., the facts must be positively affirmed under oath and may not be affirmed merely on information and belief. Savage v. Herrin Transfer & Warehouse Co., Tex.Civ.App., 219 S.W.2d 101, and authorities there cited.

The controverting plea ws further defective because the alleged affiant does not purport to swear that the allegations in the petition are true. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619.

■ There being a proper plea of privilege timely filed and there being only a fatally defective controverting plea filed in response, the trial court had no jurisdiction to proceed upon the merits and should have transferred the case to the District Court of McLennan County.

The judgment of the trial court granting relief against appellant is set aside and

the judgment overruling appellant's plea of privilege is reversed and rendered, sustaining appellant's plea of privilege, and the cause is transferred to the District Court of McLennan County.