John S. LEONARD, Jr., Appellant,

v.

Charles B. MAXWELL et ux., Appellees.

No. 10934.

Court of Civil Appeals of Texas.

Austin.

Feb. 21, 1962.

Rehearing Denied March 14, 1962.

Long, Maroney & Aronson, Austin, for appellant.

Warren P. McKenney, Byrd & Davis, Austin, for appellees.

ARCHER, Chief Justice.

This is an appeal from an order of the District Court overruling a plea of privilege.

Appellees brought this suit in Travis County on February 13, 1961 against appellant for damages sustained by plaintiff Violet Maxwell as a result of being struck by an automobile driven by appellant.

The petition alleged several acts of negligence, such as that defendant was operating his automobile at a greater rate of speed than a person of ordinary care and prudence would have done, failure to sound his horn, failure to keep a proper lookout, failure to apply his brakes and failure to turn his automobile, all of such acts and omissions were a proximate cause of the injuries sustained by Violet Maxwell.

On March 31, 1961, the defendant filed his plea of privilege alleging that he is a resident of Dallas County, Texas, together with his original answer subject to such plea.

The defendants filed their controverting plea of privilege in which it was alleged that there was an exception to exclusive venue existing in the case and that the allegations in the original petition are true and correct and that plaintiffs were entitled to maintain their suit in Travis County. This pleading was signed by one of plaintiffs' attorneys, but was not sworn to.

On May 29, 1961 appellant filed his motion to strike the controverting plea because it was not verified, and to sustain the plea of privilege and to transfer the cause. Later on the same day plaintiffs filed their First Amended Controverting Plea of Privilege reciting that it was filed with leave of Court. This pleading was sworn to by one of appellees' attorneys.

The motion to strike was overruled on June 8, 1961, after a hearing at which one of plaintiffs' attorneys stated the circumstances surrounding the filing of the first pleading and the Court stated that he had always followed the policy of letting the parties amend prior to going to trial unless it would prejudice the position of some party and there was no abuse of discretion shown.

■ The prime point at issue in this cause is the right of plaintiffs to amend and file a controverting plea duly verified.

We believe that the plaintiffs had the right granted by the Trial Court to file their amended controverting plea under the same rules as other pleadings and when amended, it related back to and superseded the original controverting plea. Rule 63, Texas Rules of Civil Procedure; Texas Employers Ins. Ass'n v. Campion, Tex.Civ.App., 236 S.W.2d 193; Gulf Production Co. v. Granger, 122 Tex. 303, 55 S.W.2d 531.

Appellant appears to take the position that when appellees failed to properly verify their controverting plea that the Trial Court lost jurisdiction over the case and could only order it transferred.

We do not believe that this is the rule or law. Jurisdiction is that to enter a judgment in the main suit and not to dispose of a plea of privilege on the merits. This distinction is pointed out in Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, wherein the Court said:

"* * * but jurisdiction of the plea of privilege, and of the subject-matter of such plea, is quite a different thing. The statute does not say that the failure of the plaintiff to file a controverting plea within the time there prescribed shall have effect to divest the court of jurisdiction of the plea of privilege, or of its subject-matter. * * * It thus appears that jurisdiction of the subject-matter of the plea remains in the court until the court, by affirmative action, surrenders that jurisdiction. Incident to jurisdiction of the subject-matter of the plea, the court has authority to allow, for good cause shown, a contest of said plea, even though the contest be filed after the lapse of time prescribed in article 2007."

Appellant cites Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 210 S.W.2d 261, as supporting his theory that a defective affidavit was wholly insufficient.

In that case the Court did reverse the Trial Court's holding overruling a plea of privilege, but remanded the case to the Trial Court. On a subsequent trial the plea of privilege was overruled and on the second appeal the defendant contended that because the original plea was not properly sworn to that it was void and constituted no basis for an amendment. This contention was overruled and the Court held that the amendment was under the same rules as other pleadings.

We believe the Court correctly overruled the defendant's special exceptions to plaintiffs' controverting plea. The Court, at defendant's request made findings of facts that defendant struck Violet Maxwell, causing painful injuries; that defendant was operating his automobile at a greater rate of speed than a person of ordinary care would have operated it; that defendant failed to sound his horn, failed to keep a proper lookout, failed to apply his brakes and failed to turn his automobile, and that all of which negligent acts and omissions were a proximate cause of the injuries. The Court concluded that the defendant committed acts and omissions of negligence in Travis County, Texas, which were a proximate cause of plaintiffs' damages.

The defendant did not contest the fact findings and the conclusions of law and such are therefore admitted.

A. J. Rife Construction Co. v. Brans, Tex.Civ.App., 298 S.W.2d 254, error ref., N.R.E.

■ The special exceptions were directed to the failure of plaintiffs to adopt or incorporate the original petition to allege facts necessary to establish venue.

The controverting pleas used the following language:

> "Plaintiffs allege that the allegations contained in their original petition on file herein are true and correct, and that plaintiffs are entitled to bring this suit in Travis County against the defendant John S. Leonard, Jr., under Sec. 9a of Art. 1995, Revised Civil Statutes of Texas."

This is an approved way of pleading the grounds relied on in controverting a plea of privilege. Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197, error dism. Rule 58, T.R.C.P.

The orders and judgment of the Trial Court are affirmed.

Affirmed.

RICHARDS, Justice (dissenting).

Being unable to agree with either the legal conclusions or the result of the majority opinion, I respectfully dissent.

Appellees brought suit against appellant for damages sustained by plaintiff Violet Maxwell as a result of being hit by an automobile driven by appellant. On March 31, 1961, appellant timely filed his plea of privilege in proper form in which he alleged that he was a resident of Dallas County, Texas and on April 4, 1961 appellees filed their plea controverting appellant's plea of privilege stating that there existed an exception to exclusive venue, "that the allegations contained in their Original Petition on file herein are true and correct" and that they are entitled to bring their suit in Travis County against appellant under Section 9a, Art. 1995, Vernon's Ann.Civ.St., which controverted plea was signed by Tom H. Davis as attorney for appellant but was not sworn to as required by Rule 86, Texas Rules of Civil Procedure.

On May 29, 1961 appellant filed his motion to strike the controverting plea because it was not verified and to sustain the plea of privilege and transfer the cause and on the same day appellees filed their first amended controverting plea to plea of privilege "with leave of Court first obtained" accompanied by an affidavit by one of appellees' attorneys in which affiant stated "that he has read the foregoing Plaintiffs' First Amended Plea Controverting Plea of Privilege * * * and knows the contents thereof, and that such instrument and every statement, allegation and denial thereof are true and correct." Appellant then filed his motion to strike appellees' plea controverting plea of privilege on the ground that it did not conform with Rule 86 being fatally defective and therefore was not filed within the time required by the rule, to which motion appellees filed an answer consisting of a special exception, both pleadings being filed on May 29, 1961.

On June 8, 1961 appellees filed their plea controverting the plea of privilege of appellant, containing the same allegations as to the existence of an exception to exclusive venue and the reference to the allegations of their original petition which are identical with the allegations contained in the original unsworn plea controverting the plea of privilege filed March 4, 1961 and the first amended plea controverting plea of privilege together with an affidavit by one of appellees' attorneys which is identical with the affidavit to the first amended plea controverting plea of privilege. On the same day the Trial Court heard a motion by appellees to file a plea controverting appellant's plea of privilege and appellant's motion to strike such controverting plea and sustain the plea of privilege. Appellees' motion to file a plea controverting appellant's plea of privilege is as follows:

> "COME NOW Plaintiffs in the above styled and numbered cause and request the Court to grant leave to the

Plaintiffs to file a controverting plea and affidavit to the Plea of Privilege at this time, which is after the ten (10) days allowed by the rules, for good cause. Plaintiffs would show that the original controverting plea was prepared by their attorney, Tom H. Davis, at the time the original plea was prepared it was contemplated that it would be sworn to by Mr. Warren McKenney, who was Plaintiffs' original attorney. At the time it was prepared Mr. Davis had a new secretary and when the plea was first prepared he noticed that it did not have the affidavit attached to it. When this was called to the secretary's attention, she stated that she was going to prepare the affidavit on a separate sheet of paper and attach it to the plea and send it to Mr. McKenney for him to swear to and then file the controverting plea. After giving those instructions it did not come to Mr. Davis' attention that those instructions were not carried out, or that the verification was left off of the original controverting plea as it was filed until he received the motion of the Defendant to strike, at which time an amended controverting plea was immediately filed.

"WHEREFORE, Plaintiffs pray that they be allowed for good cause to at this time file in proper form a controverting plea to Defendant's Plea of Privilege."

Appellant then filed his answer to appellees' plea controverting plea of privilege as filed June 8, 1961 and motion to strike same and sustain appellant's plea of privilege, which is in part as follows:

"1. Defendant specially excepts to the allegation contained in Paragraph 2 of Plaintiffs' Plea Controverting Plea of Privilege, such instrument being filed in this Court on the 8th day of June, 1961, such allegation reading as follows: 'Plaintiffs allege that the allegations contained in their Original Petition on file herein are true and correct, * * * ' in that such allegation does not specifically allege facts necessary to establish venue in this Court, and that said allegation is not legally sufficient to adopt and/or incorporate the allegations contained in Plaintiffs' Original Petition in aid of said Plea Controverting Plea of Privilege filed herein on the 8th day of June, 1961, nor does the allegation referred to adopt and/or incorporate either specifically or by reference thereto the allegation contained in Plaintiffs' Original Petition in aid of Plaintiffs' Plea Controverting Plea of Privilege. That the failure of Plaintiffs to adopt and/or incorporate the allegation of Plaintiffs' Original Petition prohibits Plaintiffs from introducing *any* evidence in aid of facts necessary to sustain venue in Travis County, Texas. That in view of Plaintiffs' failure as above set out this Court does not have jurisdiction herein except for the purpose of transferring this cause. Of which special exception, Defendant prays judgment of this Court or in the alternative Defendant moves the Court to strike Plaintiffs' Plea Controverting Plea of Privilege filed herein on the 8th day of June, 1961, and transfer this cause to the District Court of Dallas County, Texas.

"2. Defendant specially excepts to the verification contained in Plaintiffs' Plea Controverting Plea of Privilege, such instrument being filed in this Court on the 8th day of June, 1961, such allegation reading as follows: '* * * and that he has read the foregoing Plaintiffs' Plea Controverting Plea of Privilege in Cause No. 121,002, Charles B. and Violet Maxwell v. John S. Leonard, Jr., in the 98th District Court of Travis County, Texas, and knows the contents thereof, and that such instrument and every statement, allegation and denial thereof are true and correct.' in that such veri-

fication is not a clear and unequivocal swearing to Plaintiffs' Original Petition as such Original Petition was not either adopted and/or incorporated into the body of Plaintiffs' Plea Controverting Plea of Privilege as filed herein on the 8th day of June, 1961, and that this is a mere verification of the allegations as set out in Plaintiffs' Plea Controverting Plea of Privilege, and does not swear or verify as to the accuracy of Plaintiffs' Original Petition. Of which special exception, Defendant prays judgment of this Court or in the alternative Defendant moves the Court to strike Plaintiffs' Plea Controverting Plea of Privilege filed herein on the 8th day of June, 1961, and transfer this cause to the District Court of Dallas County, Texas.

"Wherefore, Defendant moves the Court to sustain his special exceptions to Plaintiffs' Plea Controverting Plea of Privilege as filed June 8, 1961, and moves the Court to strike said Plea Controverting Plea of Privilege, sustain Defendant's Plea of Privilege, and order this cause transferred to the District Court of Dallas County, Texas."

The Trial Court then granted appellees' motion to file their controverting plea to appellant's plea of privilege after the ten days provided by Rule 86, for good cause shown, overruled appellant's motion to strike appellees' controverting plea and sustain appellant's plea of privilege and overruled appellant's plea of privilege. At the hearing of the motion to strike the controverting plea to plea of privilege filed on June 8, 1961, the Court stated as follows:

"I am going to grant plaintiffs' motion to file late his controverting plea, and order it written up and filed today, and in the light of my action on that motion I will overrule the defendant's motion to strike the controverting plea. It does not change the position of the

parties at any time. I have always followed the policy of letting parties amend prior to going to trial unless it prejudices the position of some party."

It is clear from the statement of the Trial Court as well as the various pleadings contained in the transcript of the record that appellees' original controverting affidavit or plea to appellant's plea of privilege was not verified as required by Rule 86, T.R.C.P., which defect was properly called to the Court's attention by special exception in compliance with Rule 90, T.R.C.P., whereupon on May 29, 1961 appellees filed their first amended plea controverting plea of privilege properly verified but without leave of Court. On the hearing before the Trial Court on June 8, 1961 appellees filed a motion for leave to file a controverting plea to the plea of privilege, which motion was granted. Appellees then filed their controverting plea to plea of privilege thereby abandoning their first amended controverting plea to plea of privilege which was filed on May 29, 1961. Although the sufficiency of the appellees' controverting plea to plea of privilege filed June 8, 1961 was properly excepted to, the Court overruled the exceptions and taking cognizance of the controverting plea which in the opinion of the writer was fatally defective, overruled the plea of privilege on the basis of the *facts* presumably alleged in appellees' controverting plea filed June 8, 1961

Inasmuch as the controverting plea filed by appellees on May 4, 1961 was not verified by affidavit as required by Rule 86, T.R.C.P. it was of no effect and a nullity and therefore could not be amended. Brashears v. Strawn National Bank, Tex.Civ.App., 57 S.W.2d 177, no writ history; McDonald, Texas Civil Practice, Vol. 1, Sec. 4.50, p. 451 and 43-B Tex.Jur. Sec. 140, p. 348.

But assuming *arguendo* that such defective controverting plea could be amended by a proper verification with leave of Court granted for good cause shown after the expiration of the ten day period, nevertheless the controverting plea was fatally de-

fective because it did not specifically refer to *and adopt* the allegations of the original petition thereby alleging sufficient facts as venue facts upon which the alleged cause of action was sought to be maintained. To meet the requirements of the rule, it is necessary for the controverting plea to unmistakably allege that the party who swore to such plea made the petition a part thereof and thereby swore to the essential facts embodied in the entire petition. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d 619, 622.

Although it was stated in the controverting plea that "Plaintiffs alleged that the allegations contained in their original petition on file herein are true and correct * * *" the affidavit of one of plaintiffs' attorneys attached thereto merely stated that "he has read the foregoing plaintiffs' plea controverting plea of privilege * * * and knows the contents thereof, and such instrument and every statement, allegation and denial thereof are true and correct." Such affidavit does not comply with Rule 86 since the attorney who swore to the controverting plea swore only that the allegations and statements contained in the controverting plea were true and correct which did not include or adopt the allegations of the petition which were not sworn to. Therefore, since the controverting plea did not specifically refer to and adopt the allegations of the petition and the affidavit did not specifically state that the allegations contained in the petition were true and correct, the controverting plea was fatally defective. A. H. Belo Corp. v. Blanton, supra; Fair v. Mayfield Feed & Grain Co., Tex.Civ.App., 203 S.W.2d 801, 804, 805, no writ history; Kerin v. Jones, Tex.Civ.App., 185 S.W.2d 448; Pool v. Sanders, Tex.Civ.App., 241 S.W.2d 739, no writ history.

There are numerous cases holding that where the controverting affidavit does not contain any language which might be construed to state a cause of action but merely refer to an exception to exclusive venue by pointing out a subdivision of Art. 1995, V.C.S. or does not refer to and *adopt* the allegations in the petition as a part of the controverting affidavit, such controverting affidavit is insufficient to sustain venue in the county in which the suit is filed as against the right of a defendant to have the cause transferred to the county of his residence under a properly filed plea of privilege. A. H. Belo Corp. v. Blanton, supra; Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347, 351; Eastland v. Whitman, Tex.Civ.App., 318 S.W.2d 447, no writ history; Crim v. Logan, Tex.Civ.App., 277 S.W.2d 298, no writ history; Chapman v. First Nat. Bank of Wellington, Tex.Civ. App., 221 S.W.2d 318, 320, no writ history; Robinson v. Glasse, Tex.Civ.App., 188 S.W. 2d 598, 600, no writ history; Faught v. Cloud, Tex.Civ.App., 131 S.W.2d 137, no writ history.

The opinions in the cited cases are in direct conflict with the holding in the majority opinion that the allegations in appellees' controverting plea constituted an approved way of pleading the grounds relied on in controverting a plea of privilege. Certainly, there is nothing in the opinion in Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197, error dism., cited in the majority opinion which supports such holding.

In addition, since appellees' controverting plea filed June 8, 1961 was fatally defective as a matter of law for the reasons above stated, the Trial Court was guilty of an abuse of discretion in permitting it to be filed after the ten day period required by Rule 86 had elapsed for "good cause shown" under the provisions of Rule 5(b), T.R.C.P. The "good cause" given by appellees' attorney as set forth in his motion for leave to file the controverting plea after the ten day period allowed by the rule is the statement that in the preparation of the controverting plea filed March 4, 1961 Mr. Davis' secretary had advised him that she would prepare the affidavit on a separate sheet of paper and attach it to the plea and send it to Mr. Mc-Kenney to swear to and file. No explanation or excuse was given by either of the attorneys for appellees for their failure to read or check the controverting plea to ascertain

whether the affidavit had been attached by the secretary and sworn to by Mr. McKenney prior to its filing. In my opinion, the reasons stated in the motion failed to show any "good cause" for the Trial Court to permit its filing but on the contrary demonstrate that the attorneys were inexcusably negligent by failing to read or check the instrument before it was filed.

Since the Trial Court was guilty of an abuse of discretion in granting appellees' motion to file the controverting plea after the ten day period, if follows that the Trial Court was in error in overruling and in not sustaining the special exceptions contained in appellant's motion to strike the controverting plea.

The controverting plea of privilege being fatally defective as a matter of law, the Trial Court also erred in permitting the introduction of any evidence of facts necessary to sustain venue in Travis County, Texas since there were no pleadings to support it and it then became the duty of the Trial Court to sustain the plea of privilege and transfer the cause to any of the District Courts of Dallas County. Fair v. Mayfield Feed & Grain Co., supra; Pool v. Sanders, supra; Eastland v. Whitman, supra. Therefore, this cause should be reversed and remanded to the Trial Court with instructions to sustain appellant's plea of privilege and transfer this cause to any of the District Courts of Dallas County, Texas.

*On Motion for Rehearing*

Appellees on April 4, 1961, timely filed a defective controverting plea [1] to appellant's plea of privilege. On May 29, 1961, appellant, in general language, called attention to the defectiveness of such controverting plea by filing a motion to strike it.[2]

1. The plea was unsworn.

2. This motion was not in compliance with Rule 90, T.R.C.P., which requires defects in a pleading to be "specifically pointed out" by exception to avoid waiver.

On May 29, 1961, appellee filed an amended plea controverting appellant's plea of privilege. This plea was a sworn plea.

The hearing on appellant's plea of privilege was held June 21, 1961, and overruled by an order signed and entered June 27, 1961.

Appellee's right to file an amended controverting plea was absolute, nor was leave of Court required.

Rule 62, T.R.C.P. provides, in part, that an amendment " * * * is to add something to, or withdraw something from, that which has been previously pleaded so as to perfect that which is or may be deficient * * *."

Rule 63, T.R.C.P., provides:

"Parties may amend their pleadings, file suggestions of death and make representative parties, and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there be a showing that such amendment will operate as a surprise to the opposite party."

Rule 64, T.R.C.P., provides that the party amending shall point out the instrument amended, as "original petition" etc. *"or other instrument* filed by the party." Italics added.

Leave of Court to file the amended controverting plea was not required because it was not offered for filing within "seven days of

Here all appellant stated in his motion was "that such pleading was in fact no controverting plea to Defendant's plea of privilege in that it did not conform to Rule 86, Rules of Civil Procedure and is fatally defective."

the date of trial or thereafter," and it could not, as a matter of law, operate as a surprise to appellant by merely swearing to it, a defect which appellant indirectly called attention to by filing his motion to strike.

It is also the law that amendments of pleadings are mandatorily permissible when tendered to meet exceptions. Caperton v. Thorpe, 240 S.W.2d 329, Eastland Civil Appeals; Schepps v. American District Telegraph Company of Texas, 286 S.W.2d 684, Dallas Civil Appeals; 20 Tex.Jur.2d p. 210.

It follows that appellee's right to amend his controverting plea was absolute. That it may have been, as appellant pled, "fatally defective" only emphasizes the need for amendment. The right of amending a pleading is not dependent upon any degree of its defectiveness.

Litigants and their attorneys should be able to rely, with confidence, upon their right of amendment given by the Rules and neither Court nor judge should abridge this right.

The case of Brashears v. Strawn Nat. Bank, 57 S.W.2d 177, Eastland Civil Appeals, was decided before the adoption of the present Rules of Civil Procedure. If it holds that a controverting affidavit cannot be amended, it is, in our opinion, not now the law.

The third controverting plea, identical with the amended plea, if it has any standing at all, must be an amended plea regardless of the name it bears. Rule 71, T.R.C.P.; Kennann v. Deats, 258 S.W.2d 145, writ ref., N.R.E., Amarillo Civil Appeals. It is impossible for appellee to have filed two original controverting pleas.

Rule 58, T.R.C.P., provides, in part, that "statements in a pleading may be adopted by reference" in a different pleading provided only that the pleading containing such statements has not been superseded. "Adopt" means "to take or receive as one's own." Webster's Int. Dictionary, 2d Ed.

In the amended controverting plea appellee stated "* * * that the allegations contained in their original petition (a current pleading) on file herein are true and correct. * * *"

The original petition, to which reference was made, was appellee's own pleading, and we are of the opinion that the controverting affidavit was sufficient to adopt (make as appellee's own) the allegations in it for the purpose of controverting appellant's plea of privilege.

We are also of the opinion that these allegations, so adopted, were supported by an affidavit as to their verity.

Appellees alleged that such allegations were "true and correct" and the attorney making the affidavit swore that "such instrument (controverting plea) and every statement, allegation and denial thereof are true and correct."

In other words, the attorney swore that the statement in the plea that the allegations in the original petition were true was true. This is a round about way of swearing to the contents of the original petition, but we believe it suffices. If the statements in the original petition were not true, then the sworn statement that the unsworn statement that they were true was true would be a false statement.

In any event, if this case must be reversed because the controverting plea was not properly sworn to or did not properly adopt the allegations of the original petition, we would remand the case and not render judgment transferring it. Rules 434, 505, T.R.C.P.; Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792; Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688; London Terrace, Inc. v. McAlister, 142 Tex. 608, 180 S.W.2d 619; Red Arrow Freight Lines v. Cagle, Tex.Civ. App. 206 S.W.2d 1019, Waco Civil Appeals.

It is not denied that as to the merits of this appeal, venue lies in Travis County. It would be an injustice to appellee to move it to Dallas County.

It is our considered judgment that there is no warrant herein for attributing to the Trial Judge an "abuse of discretion" or to appellee's counsel an act "inexcusably negligent."

The motion is overruled.

Motion overruled.

RICHARDS, J., dissenting.

