## JACKS v. TEAGUE.

### No. 12954.

Court of Civil Appeals of Texas. Dallas.

Jan. 6, 1940.

Rehearing Denied Feb. 10, 1940.

Nathaniel Jacks, of Dallas, for appellant.

M. E. Kramer and J. T. Barfield, both of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from an order of the 101st District Court of Dallas County, overruling appellant's motion to dissolve a temporary injunction theretofore granted, restraining enforcement of a judgment of the 68th District Court of said County, and continuing the injunction in force.

In 1937, Lorene Teague, then wife of appellee Louie A. Teague, employed appellant Nathaniel Jacks as attorney, to obtain a decree of divorce, alimony allowance, injunction, division of property, custody of child, and support of the minor, in a suit (No. 31718-A, Lorene Teague v. Louis A. Teague), filed in the 14th District Court of Dallas County, which was thereafter duly transferred to the 68th District Court. Appellant Jacks instituted the suit, alleging facts sufficient for divorce, protection of her physical, personal, and property rights, and for reasonable fees to himself, as attorney, contingent and recoverable, in the decree of the court. The allegations on

the issue, material here, are as follows: "That by reason of the aforesaid acts of the said defendant your plaintiff has been forced to employ counsel in the person of Nathaniel Jacks, a duly practicing attorney at the Dallas County Bar, to prosecute this action for divorce and obtain for her the protection and remedies herein prayed for and that such services of such counsel were necessary in the premises by reason of the aforesaid acts of the said defendant, and by reason of his failure and refusal to agree to any property settlement whatsoever and that thereby and by reason thereof, your plaintiff is entitled to recover her attorney's fees in this cause and that the sum of Five Hundred and No/100 ($500.00) Dollars, would be a reasonable attorney's fees for counsel for the plaintiff herein". On trial, the jury found that $250 "would be a reasonable compensation for the attorney for the plaintiff for services rendered and to be rendered in said cause". Accordingly, on the 6th day of April, 1938, Honorable Paine L. Bush, Judge of the 68th District Court, entered judgment for divorce, a division of the community rights, and "that the plaintiff do have and recover of and from the said defendant, exclusive of the division of the community property hereinafter set out, as and for her attorney's fees for the use and benefit of her said attorney, Nathaniel Jacks, and such fees are hereby awarded to him, the sum of Two Hundred, Fifty and No/100 ($250.00) Dollars, and that such attorney's fees shall be taxed as court costs and for the collection of which together with other costs herein set forth the clerk of this court may have execution against the defendant and upon the collection of such attorney's fees the clerk of this court shall pay the same to Nathaniel Jacks, plaintiff's attorney, for his services rendered and to be rendered herein." No appeal was perfected from said judgment, which thus became final and binding on the parties.

▮ The right of a wife in a divorce action to contract for the services of an attorney is legal, and lodges in the court granting the divorce the power to fix a fee reasonably compensatory for services rendered by the attorney. The attorney's fee may be awarded on appropriate pleadings, either in the divorce suit, or in an independent action by the attorney rendering the service. The law granting an aggrieved wife such right to contract, and the court to fix and allow reasonable attorney's fee,

vests in the attorney a present beneficial interest in the claim, which may not be divested by the client without a judicial ascertainment. The attorney who holds a contract of employment, such as the one here, is neither a necessary nor a proper party in a suit for divorce, even though the suit involves a contract for attorney's fee, to be paid to the attorney bringing the suit. The presence of the attorney as a party litigant is not required; the court on relation of the wife, aggrieved party in the divorce action, fixes the fee and enters judgment on the wife's pleadings, reserving, however, the beneficial title and interest to the attorney. With this title and ownership go all the rights and privileges which follow the ownership of any like property, however acquired, and reserves to the attorney the right of enforcement in his own name, regardless of the action of his client.

▮ Construing the record in this case, appellant was attorney for the wife of appellee, under a valid contract of employment, the wife agreeing to pay him, contingent on the action of the court, a reasonable attorney's fee. The suit for divorce and property rights alleged necessary facts for the wife to recover, included proper pleadings in respect to the allowance of attorney's fee for the use and benefit of her attorney, to warrant the court in granting the divorce, to fix the fee, and enter the judgment "That the plaintiff do have and recover of and from the said defendant * * * as and for her attorney's fees for the use and benefit of her said attorney, Nathaniel Jacks, and such fees are hereby awarded to him, the sum of Two Hundred, Fifty and No/100 ($250.00) Dollars". Plaintiff's petition and the judgment of the court are tantamount to an investiture of title and ownership of the attorney's fee awarded, and reserve to the attorney the paramount right of enforcement.

▮ It will be observed that the judgment for the attorney's fee also provides "that such attorney's fees shall be taxed as court costs". Evidently from the nature of the suit, the verdict of the jury, and the judgment of the court, the attorney's fee awarded is not strictly court costs, as the term "court costs" is usually understood. The term as employed in the judgment, viewed in the light of the record, is not used in its technical meaning, as costs taxable in litigation, but a reasonable interpretation thereof embraces a distinct purpose, a necessary expense for legal services rendered

the plaintiff in the suit, taxable as a necessity for the wife. The erroneous designation of the award as "court costs" does not, in anywise, impair the judgment or the enforcement thereof.

The injunction in this case was granted by the judge of the 101st District Court, to restrain the enforcement of the judgment, by execution issued out of the 68th District Court at the instance of appellant, in the name of the judgment plaintiff, and placed in the hands of the sheriff of Dallas County, who levied upon property belonging to the judgment defendant. We think the court erred in concluding that the judgment is void, which evidently the court did, otherwise he would not have entertained jurisdiction of the cause and enjoined its enforcement for the use and benefit of the owner thereof. Accordingly, the judgment of the court below is reversed and cause remanded, with instruction that the injunction be dissolved.

Reversed and remanded with instructions.