**ALLPRESS v. McGILL.**

No. 12380.

Court of Civil Appeals of Texas. San Antonio.

Feb. 13, 1952.

Rehearing Denied March 12, 1952.

Spann & Spann, San Antonio, for appellant.

Hubert W. Green, San Antonio, for appellee.

POPE, Justice.

This suit concerns the right of a party to recover liquidated damages and also actual damages upon the breach of a contract.

Appellant, Mrs. Eva Jo Allpress, prior to August 9, 1950, claimed that she had made certain improvements on a piece of real estate owned by appellee, Woodrow W. McGill. On that date the two parties entered into a written agreement by which appellee contracted to sell the property and pay appellant the sum of $4,000.00 out of the proceeds. Since certain liens existed against the property the sale was not made. Appellee sought a declaration of his rights as against appellant and she cross-acted for damages in the amount of $5,000.00. She claimed the sum she would have received had the sale been made, as well as the $1,000.00 which was agreed upon as liquidated damages in the event of a breach. The trial court awarded appellant $1,000.00 by way of liquidated damages.

Appellant may not recover actual damages and also liquidated damages. How much, if anything, would remain out of a sale of the real estate after payment of the liens against the realty was not proved. But when damages are estimated in advance and liquidated by agreement, actual damages can not also be recovered. Huffhines v. Bourland, Tex.Com.App., 280 S.W. 561; Smith v. Lane, Tex.Civ.App., 236 S.W.2d 214; Elliot v. Henck, Tex. Civ.App., 223 S.W.2d 292; Blair v. Bird, Tex.Civ.App., 20 S.W.2d 843; McCelvy v. Bell, Tex.Civ.App., 6 S.W.2d 390.

The judgment is affirmed.