### HUMPHREY v. WOOD et al.
#### No. 6264.

Court of Civil Appeals of Texas. Amarillo.
Jan. 5, 1953.
Rehearing Denied Feb. 2, 1953.

Turner, Atwood, White, McLane & Francis, Dallas, for appellant.

Burt Barr and Saner, Jack & Sallinger, all of Dallas, for appellees.

PITTS, Chief Justice.

This is a suit filed by appellant, Thomas D. Humphrey, against appellees, John Ralph Wood and Joe B. Currin, seeking specific performance of an option agreement to buy ten acres of land located in Dallas County, in which action appellees contend that appellant had an opportunity to exercise his option in accordance with the terms of the agreement but waived his right so to do, for which reason he should not now be permitted to recover. The case was tried to a jury and all parties moved for an instructed verdict for themselves, respectively, when the evidence closed, for the alleged reasons there existed no fact issue or issues for the jury to determine. All such motions were overruled but the trial court withdrew the case from the jury and rendered judgment for appellees and against appellant, who perfected his appeal to the Dallas Court of Civil Appeals and the Supreme Court transferred the case to this court in equalizing the dockets of the State Courts of Civil Appeals.

The record reveals that on September 24, 1935, appellant, Thomas D. Humphrey, as first party, entered into an agreement with appellee, John Ralph Wood and Wood's aunt, Susie H. Davis, as second parties, whereby the second parties, for a valuable consideration paid by first party, gave an option to party of first part to purchase a tract of land described therein consisting of ten acres, more or less, and being a part of a tract of land containing 126.14 acres located in the A. A. Nelson and J. H. Hyde Surveys in Dallas County, Texas. The pertinent parts of the agreement here under consideration contain the following language:

"* * * the Second Parties do hereby grant unto the First Party an option to purchase the hereinafter described tract (10 acres more or less) out of the 103.5 acre tract (the same being a part of the 126.14 acres) now owned by Second Parties or any part thereof, in the event the Second Parties shall hereafter desire to sell the same, at a price equal to the bona fide offer which the Second Parties may then have for said property or a part thereof, and which price the Second Parties are willing to accept therefor; it being understood, however, that in the event the Second Parties desire to sell said property, or a part thereof, and have a bona fide cash offer for same, that they will give First Party written notice of same at his then address, and that if First Party does not exercise his said option to buy said property within thirty (30) days after said written notice is mailed to him by the Second Parties, that this option shall be terminated and be null and void. The tract covered by this option being described as follows:" (The 10-acre tract is here described but fails to state what Survey it is in.)

The option agreement was sworn to by all parties before a notary public on the same day it was executed and the same was filed for record in Dallas County on September 25, 1935, and soon thereafter recorded in Volume 1913, Page 516, Deed Records of Dallas County.

Thereafter on January 25, 1938, according to appellant's pleadings, Susie H. Davis conveyed by a duly recorded deed all of her interest in the land in question to her

nephew, appellee John Ralph Wood, for which reason she is no longer interested in the subject matter here involved and was not therefore made a party to this action. Following such conveyance appellee John Ralph Wood on May 26, 1950, mailed a registered letter to appellant Thomas D. Humphrey who received the said letter on May 29, 1950. Omitting the formal parts, the contents of the letter were as follows:

"Dear Sir:

"In compliance with our agreement entered into between Thomas D. Humphrey, Susie H. Davis, John Ralph Wood on September 24, 1935; said agreement being recorded in Volume 1913, page 516, Deed Records, Dallas County, Texas on property in the A. Nelson and the J. H. Hyde Surveys in Dallas County, Texas, I am enclosing herewith a Sales Contract executed by myself and Joe Currin, purchaser said contract being in the amount of $16,800.00 for the purchase of property owned by me out of the above surveys. Said property being subject to the above agreement, which said agreement provided that a thirty (30) day written notice be given and that if you did not desire to exercise your option to purchase the above property within a thirty (30) day period after said written notice was mailed, that the above option and said agreement to be terminated and become null and void.

"This will serve as your notice that I have a cash offer for the sale of my property as set out in the enclosed contract of sale and if you wise to exercise your option to purchase said property, please* do so before the thirty (30) day period expires, as the sale set out in the enclosed contract will be consummated at the end of this thirty (30) day option period.

"Very truly yours,
/s/ John Ralph Wood"

The "contract of sale" mentioned in the letter refers to an attached purported conditional contract between Currin and Wood as evidence presumably of good faith on the part of appellee John Ralph Wood. Upon failing to hear from appellant, Thomas D. Humphrey, at any time or by any means, appellee John Ralph Wood, on July 13, 1950, conveyed by deed to appellee, Joe B. Currin, the ten acres of land in question for an agreed consideration of $16,800, along with another five-acre tract of land at an agreed consideration of $7,200, making a total consideration of $24,000.

Appellant contends that the said letter did not give him notice in accordance with the terms required in the option agreement, while appellees assert that it does give proper notice in accordance with the terms of the said agreement. Such is the controlling question to be here determined. The record reflects that the trial court concluded that notice given by Wood to Humphrey was sufficient, and upon receipt of the same by Humphrey, it was incumbent upon him, if he desired to buy the land in question, to act accordingly within 30 days from the date of May 29, 1950, otherwise the option agreement terminated and became null and void according to its own terms.

The relief sought by appellant depends upon whether or not the letter in question constituted notice to appellant as contemplated by the terms of the option agreement. The said letter refers to the agreement of the named parties giving the date it was executed, showing in what surveys the land is located according to the agreement and showing also where the agreement was recorded in the Deed Records of Dallas County. The letter also names the purchaser and the proposed purchase price of the land, subject to the said 30-day option agreement, and calls attention to Humphrey's 30-day option and to the provisions of the said agreement requiring a 30-day written notice to be given and that the option under the agreement would terminate and become null and void if Humphrey did not exercise his option to purchase the land within 30 days. All of the matters mentioned in the letter correspond with the terms of the agreement. Neither the option agreement or the letter shows in which survey the ten-acre tract of land in question is located but the agreement shows it is a part of a tract of land located in the A. A. Nelson and J. H. Hyde Surveys and the letter also mentions these Surveys.

Appellant testified that he had paid an attorney to prepare the option agreement in question, which agreement he had in his

possession when he received the notice in question from Wood on May 29, 1950, in the form of a letter, but that he ignored the said letter because it did not give him proper notice. Appellant further testified that he knew, when he received the letter in question, that the letter referred to his option and that appellee Wood was trying therein to refer to his (Humphrey's) option on the ten acres of land in question but the said ten-acre tract of land was not properly described; that for this reason he did nothing about exercising his option on the land within a 30-day period after receiving the notice from Wood; that he learned the land in question had been sold by appellee Wood to appellee Currin after the deed had been executed and recorded in July of 1950, after which he filed this suit on January 15, 1951, seeking to set aside the said deed and for specific performance of the optional contract. He further testified that appellee, Currin, acting as agent for appellee Wood, had previously tried to sell him the land in question, together with other land, and that he then offered Currin $1,200 per acre for the ten acres in question or $12,000 for the whole ten-acre tract only but he at no time offered $16,800 for the ten-acre tract; that from the date he received the letter until the time this suit was filed on January 15, 1951, he did not attempt to exercise his right of option by making an offer of any kind to Wood for the land in question, and in fact he did not do anything about the matter or even discuss the matter with either of the appellees at any time after receiving the letter.

In making a statement of the nature of the case, appellant says in part on page six of his brief:

> "In the first paragraph of the letter dated May 26, 1950, Appellee, John Ralph Wood, stated that Joe Currin was the purchaser and the purchase price is $16,800 for property in the A. Nelson and J. H. Hyde Surveys in Dallas County, Texas, on which Appellant had the first right of refusal."

In view of the similarity of the descriptive language used in the letter in question to that used in the option agreement, in view of the admissions made by appellant in his testimony given before the trial court concerning both the agreement and the letter, and in view of the admission of appellant made in his brief heretofore set out, it is our opinion that the trial court properly held that the said letter gave appellant proper and sufficient notice, and because of appellant's admitted failure to exercise his option within the required time, according to the terms of the option agreement, the said agreement had terminated and had become null and void prior to the date of the conveyance of the land in question to appellee Currin by appellee Wood. Appellant admitted that he knew the purpose of the letter, although he did nothing about exercising his optional rights until months later when he filed this suit. In law whatever fairly puts a person on inquiry is sufficient notice, where the means of knowledge are at hand, with which, if pursued by the proper inquiry, the full truth might have been ascertained. Means of knowledge with the duty of using such means are in equity equivalent to knowledge itself. Superior Oil Co. v. Stanolind Oil & Gas Co., Tex.Civ.App., 230 S.W.2d 346, affirmed Tex.Sup., 240 S.W.2d 281; 31 Tex.Jur. 362, Section 4. A person who has knowledge of such facts as would cause a fair and prudent person of ordinary caution to make further inquiry, is chargeable with notice of the facts which by ordinary diligence he would have ascertained. Brown v. Hart, Tex.Civ. App., 43 S.W.2d 274, writ refused.

The failure of appellant to do anything about the matter within 30 days after receiving the letter in question constituted a waiver or a relinquishment of any rights he may have previously had by reason of the option agreement. Appellant is here seeking to enforce his option agreement after it had terminated by its own terms and he is further endeavoring to set aside a deed that had been executed at a time after appellant's optional rights had expired, been waived and relinquished by him. Hart v. Wilson, Tex.Com.App., 288 S.W. 133. This appellant is not permitted to do under the rules of either law or equity. The fact that appellee Currin, acting as agent for appellee Wood, had previously tried to sell appellant the ten-acre tract of land in question to-

gether with other land, has no bearing upon the issues here presented and the same is therefore immaterial.

■ Appellees have challenged appellant's further charges of error by contending that appellant has raised the question for the first time on appeal to the effect that appellee Wood conveyed the land in question to appellee Currin upon different terms and under different conditions than those set out in the letter or notice in question. The record seems to support appellees' challenge. In his brief appellant says in part, with reference to his pleading upon which he went to trial, that he "further alleged that appellee Wood conveyed the property to appellee Currin on different terms and on different conditions than those set out in a letter from Wood to appellant", for which reasons he further charges error. An examination of appellant's said pleadings failed to reveal any such pleading as appellant claims he "alleged" or any other pleading to support his charges of error on such grounds. Appellant did not plead bad faith or seek recovery by reason of a breach of contract. He pleaded Wood's contractual obligation to give him a written notice of any bona fide offer he received for the land and Wood's failure to give him a "written notice as required by the said option agreement". For these reasons he sought specific performance and the record reveals that the case was tried on the theory that Wood failed to give appellant a "lawful and proper written notice of any bona fide offer received by him to purchase the option land." In the case of Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, 245, the court said in part that: "A plaintiff can recover, if at all, only on the cause of action pleaded by him. The office of a pleading is to define the issues to be tried. * * * Finally, it is the rule that parties are restricted in the appellate court to the theory on which the case was tried in the lower court." The court there cites numerous authorities in support of the rules announced. It is our opinion, for the reasons stated, that appellant should not now be heard to complain about matters not raised by his pleadings and not presented by him to the trial court.

■ But, be that as it may, the record reveals that Wood and Currin agreed on a cash consideration of $16,800 for the ten acres in question and appellant was notified that such was the contract price. In his brief appellant admits that such was the price fixed in the letter and that the purchaser was also therein named. Wood and Currin also agreed on a cash consideration of $7,200 for an additional five acres deeded by Wood to Currin at the same time. The record reveals that the total cash consideration could have been paid by Wood to Currin and that such would have been done if the question had been raised, but the interested parties elected to trade properties of equal values. Wood deeded to Currin the ten-acre tract and the five-acre tract in trade, but at the agreed considerations respectively stated both totaling $24,000, for another tract of land owned by Currin and deeded by him to Wood to be used as a homestead at an agreed consideration of $24,000. In so far as the record reveals the sales were made in good faith after appellant's option had expired and there is nothing to show that the price of $16,800 fixed in the notice sent by Wood to appellant was not a bona fide offer. For these reasons appellant has not shown reversible error in his latter charges of error even if such charges had been supported by his pleadings and the matters briefed had been timely presented to the trial court and there overruled.

Appellant's points are overruled and the judgment of the trial court is affirmed.