## KNANDEL v. CAMERON.

### No. 12609.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 2, 1953.

Rehearing Denied Dec. 30, 1953.

Horace Duncan, Gonzales, Cater & Small, San Antonio, for appellant.

Emmett J. Rahm, James L. M. Miller, San Antonio, for appellee.

POPE, Justice.

The point in this case is whether a minor, after attaining majority, affirmed a purchase contract. James Knandel, while a minor, purchased two heifers from V. L. Cameron. The minor, shortly thereafter, traded one of the heifers for a cow that Cameron had owned for only a few days. The cow was obviously lame when traded to the minor, and it grew continuously worse until it died about eleven months later. Knandel was twenty-one years old on August 13, 1952, and he filed this suit on September 25, 1952.

Knandel, by his petition, asserted his birth date and then alleged that the cow was guaranteed and warranted by the defendant to be in sound condition. He asserted also that the cow's lameness was caused by an incurable disease, from which the proof showed that it later died. We have read the statement of facts and find that the plaintiff tried the case on the theory that Cameron failed to abide by a guarantee and warranty, but the trial court, on disputed facts, found against plaintiff.

The appeal abandons the warranty issue, and Knandel now seeks to disaf-

firm the contract made during minority. Knandel proceeding in the trial court on the basis of an affirmance of a contract. Having failed in that, he can not disaffirm the contract and recover on the basis of his minority. The contract of a minor is valid until avoided, but once the minor ratifies his contract after reaching majority, it is then beyond his control to disaffirm it. Hieatt v. Dixon, Tex.Civ.App., 26 S.W. 263.

The judgment is affirmed.