**A. J. RIFE CONSTRUCTION CO. et al.,**
Appellants,

v.

**Neil BRANS, Trustee, Appellee.**

No. 15149.

Court of Civil Appeals of Texas.

Dallas.

Sept. 21, 1956.

Rehearing Denied Jan. 11, 1957.

Turner, White, Atwood, McLane & Francis; Snowden M. Leftwich, Jr.; Thos. R. Hartnett, III, Dallas, for appellants.

Biggers, Baker, Lloyd & Carver; Touchstone & Bernays; Jas. A. Williams; Bradford & Pritchard; Johnson, Guthrie & Stanfield, and David. C. McCord, Dallas, for appellee.

CRAMER, Justice.

This controversy involves two building contracts executed by the Housing Authority of the City of Dallas, hereafter called Housing Authority, and A. J. Rife Construction Company and Associates, hereafter called Rife, as well as numerous claims by subcontractors and others. Statement of facts contains 1,767 pages, transcript 134 pages. The two separate building contracts covered two Housing Projects. Project Tex–9–11–B covered 500 dwelling units, total consideration $2,650,-330; Project Tex–9–11–E covered 510 dwelling units, total consideration being $2,573,500. The contract covering Tex–9–11–B was accompanied by a performance bond signed by Rife as principal and Seaboard Surety Company as surety; the contract covering Tex–9–11–E was accompanied by a performance bond signed by Rife as principal and U. S. Guarantee Company as Surety. Thereafter Rife, separately as to each project, subcontracted the masonry work on the projects to Morris Masonry Company, hereafter called Morris, who agreed to furnish all labor, mortar, bricks, supervision, and equipment necessary to complete the masonry work in accordance with the plans and specifica-

tions of Rife and the Housing Authority for a consideration of $80 per 1,000 bricks in place, based on a count satisfactory to both parties.

After hearing all the evidence, the trial court found in substance, material here: (1) Morris Masonry Company, a duly organized Texas corporation, was adjudged a bankrupt on June 29, 1954 and Neil Brans was duly appointed and is now acting as Trustee of Morris. Guthrie and McCord are duly licensed attorneys of the Texas Bar. Rife, as contractor, and Housing Authority entered into a written contract for the construction of the two projects here involved for a consideration of $2,-650,330 on Project Tex–9–11–B with the U. S. Guarantee Company (hereafter called Guarantee) as surety; and $2,573,-500 for Project Tex–9–11–E with Seaboard Surety Company (hereafter called Seaboard) as surety. Both bonds were conditioned that Rife shall promptly pay all persons, etc., furnishing material or labor on such contract signed by the surety. That Morris, as subcontractor, and Rife entered into two written contracts covering Project Tex–9–11–B and Tex–9–11–E, in each of which Morris agreed to furnish labor, mortar, supervision and equipment necessary to complete masonry work in accordance with plans and specifications of the general contractor and the Housing Authority for the respective projects in consideration of $80 per 1,000 bricks in place, based on a count satisfactory to both parties; that in compliance with such subcontracts Morris laid or installed 1,665,700 bricks in Project Tex–9–11–B, for which it was due the sum of $133,256; and that it laid or installed 1,718,550 bricks in Project Tex–9–11–E, for which it was due the sum of $137,484; that Rife paid Morris the sum of $124,446.83 on Tex–9–11–B, leaving a balance of $8,809.17; and that Rife paid Morris the sum of $112,224.-51 on Tex–9–11–E, leaving a balance of $25,259.49; or a total balance due Morris for bricks laid on both projects of $34,-068.66. Morris furnished Rife materials

and labor and extras not contemplated by such subcontracts of a reasonable value of $1,132.10; that Morris instituted suit against Rife, Seaboard and Guarantee jointly, claiming from said defendants jointly the balance due on the projects mentioned and under the subcontracts referred to; that Rife and said two sureties filed joint answers, supplemental answers and trial amendment therein, and presented a joint defense to the claims of Morris. That the original answer of Rife and the sureties consisted of a general denial; thereafter Rife and sureties filed their first amended answer, first, second, and third supplemental answers, and trial amendment. In Rife et al.'s first amended answer they denied Morris had laid or installed the quantity of bricks alleged by Morris; but claimed Morris laid 1,652,090 bricks on Tex–9–11–B and 1,682,100 bricks on Tex–9–11–E, or a total of 3,334,190 bricks; that Morris was due therefor $266,735.20.

That after the trial had been under way fourteen days and Morris had rested, subject to the right to examine an out of State witness and offer proof of reasonable attorney's fees for Morris' attorneys, Rife filed an oral motion for judgment, asserting for the first time that there was and had been a dispute between the parties as to the number of bricks Morris laid on the projects; and that the contracts provided in the event of a dispute, same must be submitted to the contracting officer for decision within ten days of the commencement of the dispute, and that any claim not presented within such period was waived; and Morris had failed to present said dispute to the contracting officer for decision; that same was a condition precedent to bringing this suit and that it should be dismissed; that Rife further alleged "in said oral motion for judgment, asserting for the first time herein, that as a condition precedent to filing suit herein, the plaintiff was required to submit said dispute to arbitration and that plaintiff had failed to do so, hence this suit should be dismissed." That Morris "submitted said dispute to said

contracting officer within said ten-day period, but that he refused to consider same on the grounds that said dispute did not concern the Housing Authority of the City of Dallas." That Rife and the sureties, Seaboard and Guarantee, "jointly presented numerous offsets, all of which I find to be without merit, and are disallowed with the exception of the following: (a) I allow to the defendant A. J. Rife Construction Company and Associates, Seaboard Surety Company, and United States Guarantee Company, an offset against the joint claims made against these three defendants of $600 in liquidated damages paid by A. J. Rife Construction Company and Associates to the Housing Authority of the City of Dallas, and such liquidated damages are allowed as an offset because the attorney for the plaintiff, Neil Brans, Trustee of Morris Masonry Company, Inc., admitted in open court that such offset should be allowed and therefore there was no controversy with respect to this item. (b) I further allow the defendants, A. J. Rife Construction Company and Associates, Seaboard Surety Company, and United States Guarantee Company, jointly, an offset of $2,619.00 against the plaintiff, same being the reasonable value of scaffolds furnished plaintiff by the defendants, A. J. Rife Construction Company and Associates, but not returned, and that the defendant, A. J. Rife Construction Company and Associates and United States Guarantee Company and Seaboard Surety Company, as they contended, did not have to present this and other disputed claims to arbitration before presenting them in court."

That Dallas Concrete Company furnished Morris with materials for use on the projects of the reasonable value of $3,740.-52 and "filed its claim therefor in the Bankruptcy Court in the above described bankrupt proceedings, and that said claim was duly allowed, but has not been paid * *." Rife and the two sureties jointly have urged the claim for which they assert their joint secondary liability be allowed; found

further that Blue Diamond Company furnished Morris with materials for use on the said projects of the reasonable value of $2,179.29 and has filed its claim above allowed, but has not been paid; that Rife and sureties jointly have urged that this claim, for which they assert their joint secondary liability, be allowed.

Found that Texas Bank and Trust Company had a valid assignment from Morris of certain Accounts Receivable owed to it, including the final estimate of Morris to Rife dated October 14, 1953, with respect to Project Tex–9–11–E in the sum of $28,-770.08 to secure its promissory note dated January 11, 1954 to said bank of $8,400; that the bank filed its claim therefor along with certain other claims owing it by said Bankrupt in the Bankruptcy proceedings and said claim was duly allowed; that said court has recognized said claim as a preferred claim over all other creditors and has allowed the Trustee to pay the bank more than $25,000 on its claim, but that the unpaid balance on the principal, May 24, 1955, was $2,715.79 and the bank has a preferred claim therefor, plus interest and attorney's fees in the Bankruptcy Court over all other creditors; that a reasonable attorney's fee for Morris' attorneys Bradford and Pritchard, is $3,500.

That David C. McCord and R. L. Guthrie have a valid assignment from Morris for services rendered of one-fourth of any recovery effected by Morris in this case and that said attorneys have asserted no claim against Morris in the Bankruptcy Court, but have elected to stand on their assignment which is not disputed by any party hereto.

The record before us shows no objections or exceptions to such findings by any party, and therefore they are binding on the parties and on this Court. Rules 296–299, Texas Rules of Civil Procedure; Dixie Distributors v. Lane, Tex.Civ.App., 211 S.W.2d 581 (ref. n. r. e.). The trial court's judgment was in favor of Dallas Concrete Company for $3,740.52, Guthrie

& McCord, Attorneys, for $7,995.44, Blue Diamond Company for $2,179.29, Neil Brans, Trustee in Bankruptcy of Morris, for $18,066.51, Bradford & Pritchard, $3,500, Texas Bank & Trust Company, nothing, all against Rife, Seaboard and United States Guarantee, jointly and severally. The court denied all relief other than that above, and taxed the costs against Rife.

Appellant Rife Construction Company has duly perfected an appeal against Neil Brans, Trustee in Bankruptcy for Morris Masonry Company, Guthrie & McCord, Dallas Concrete Company, Blue Diamond Company, and Bradford & Pritchard, briefing six points of error.

Points 1 and 2, briefed together, assert in substance error in rendering judgment for Morris and intervenors in any amount because (1) Morris claimed money under two written contracts which provided that Morris be paid $80 per 1,000 bricks in place based on a count satisfactory to both parties, and the undisputed evidence is that there never was a count of the bricks satisfactory to both parties; (2) by contract, both parties agreed as a condition precedent to suit, to submit all disputes to the contracting officer of the Housing Authority for decision; and it was undisputed that there was a dispute between the parties and it was not submitted as provided in the contract; therefore Morris failed to make out a case on the contracts.

The evidence of the number of bricks laid was by three witnesses: (1) By the vice president of, and the supervisor on the job for, Morris. He made up one count of the bricks, in courses, and counted a part of a brick as a whole brick, and his count was 1,665,700 bricks on Project Tex–9–11–B, and 1,718,550 bricks on Project Tex–9–11–E. Witness Hudson testified he counted the bricks in a course and based on such count he found 1,652,090 bricks laid on Project Tex–9–11–B and 1,682,100 bricks on Project Tex–9–11–E. Witness Wilson testified he counted the bricks by getting the total square feet of the bricks by taking the length and the width thereof and the height of the brick work; then computing and deducting the square feet in openings, windows, doors, "and other places," from the total; then multiplying that figure by 6.75 which is 6¾ brick per sq. ft.; that he then added the bricks in the sills and other specialties; that the figure 6.75 was because a brick lays up eleven inches, which, lengthwise, makes 4½ bricks per three-feet; that the brick lays up three courses to 8 inches, so to get a foot high you have to have 4½ bricks; that you multiply 4½ by 4½ which gives you 20.25 which has to be divided by 2, which is 6.75 bricks per square foot per wall, and that from his computation there were "3,334,000 some odd bricks in place in both projects." Rife as appellant contends that in order to sue on two written subcontracts Morris "had to prove a count of the brick which was satisfactory to both parties", but proved "it was suing on a count which was not satisfactory to both parties." There is no question in the evidence that there was a bona fide dispute between the parties as to the count and that such dispute was not submitted to the contracting officer. The only question is whether the failure to submit the controversy to the contracting officer bars this action until the arbitration provision is complied with, and if so, then whether such failure to submit to arbitration or a decision of the contracting officer under the record here bars this suit until such submission has been made. There is no question that the evidence of the count of bricks by the witnesses raised an issue of fact for the trier of the facts, whether the decision was by the architect or a court, since all witnesses who testified were interested witnesses.

The record also discloses that no timely objection as to the court's right or jurisdiction to hear the controversy was made before the trial on the merits, and under such circumstances the submission of the matters to the court waived such defense based on such contractual prelimi-

nary procedure. A party cannot take his chances before the court without objection, and, after he loses, claim the right to arbitration under the terms of the contract. Points 1 and 2 are overruled.

■ Rife's points 3 and 4 assert error in rendering judgment in favor of Bradford & Pritchard because (3) they were not parties plaintiff, or intervenors, and no judgment could be rendered for them; (4) this action was maintained and prosecuted by a Trustee in Bankruptcy and said Trustee is not entitled to recover attorney's fees from a defendant who has not contracted to pay attorney's fees; countered that there was no error in the judgment for attorney's fees for the attorney for the Trustee in Bankruptcy because (a) the Trustee succeeded to the rights of the Bankrupt (Morris), and (b) such recovery was authorized under Art. 2226, R.C.S., Vernon's Ann.Civ.St. art. 2226. The first question is whether the recovery by the attorneys, who were not parties to the suit, is fatal to the judgment in their favor. We must answer the question in the negative. As stated in 25 Tex.Jur. 474: "* * a defendant may not, on appeal, complain of a judgment in favor of the plaintiff's attorney for a portion of the amount recovered, theretofore assigned to the attorney as a contingent fee, the plaintiff having agreed to the judgment." In Gulf, C. & S. F. R. Co. v. Cooper, 33 Tex.Civ. App. 319, 77 S.W. 263, at page 266, the court stated: "The plaintiff agreed that the court might render judgment in favor of his attorney, Llewellyn, for half the amount recovered; that sum having been theretofore assigned to him, in writing, as a contingent fee. The judgment was accordingly so rendered. By appropriate assignments of error, this feature of it is assailed. We are of opinion that, if error, it in no wise affects appellant, and its complaint in this respect ought not to be allowed." See also Jacks v. Teague, Tex. Civ.App., 136 S.W.2d 896; Miller v. Dyess, 137 Tex. 135, 151 S.W.2d 186, syl. 4, 137 A.L.R. 578; and Rule 434, VARCP. The

record also supports the amount of the fee, and the Trustee in Bankruptcy succeeded to all the rights of Morris under Sec. 70, Bankruptcy Act, Title 11 U.S.C.A., Ch. 7, § 110; 8 C.J.S., Bankruptcy, § 333, p. 1087. The record also shows a proper demand for payment on October 14, 1953. Points 3 and 4 are overruled.

Point 5 asserts error in rendering judgment for $1,132.10 for material and labor furnished as extras not contemplated by the written subcontracts because it was undisputed that the procedure for collection for extras was not complied with and therefore the claim is barred; countered that such judgment was correct because (1) the validity and reasonableness of such items was undisputed and Rife et al. admitted liability therefor; (2) the provisions of the prime contract regarding procedure for filing claims for extras were not applicable to the facts here; and in the alternative such provisions, if applicable, were waived by Rife et al.

■ The petition claimed these extras, and the trial court found that Morris furnished material and labor as extras not contemplated by the subcontracts, of the reasonable value of $1,132.10. The finding was supported by the conflicting evidence of the parties, and the trial court settled such conflict by his findings. Point 5 is overruled.

Point 6 asserts error in refusing to allow Rife an offset for insurance premiums on Project Tex–9–11–E for the period after December 30, 1953, because the undisputed evidence shows the buildings would have been accepted but for the mortar work which was the sole responsibility of Morris; countered that the claim was correctly denied because (1) the contracts expressly provided that Rife would make no demand on Morris for the insurance premiums involved because (a) the written contracts expressly provided that Rife would make no demand on Morris for liquidated damages or penalty for delay caused by Morris, in any sum in excess

of reimbursing Rife for liquidated damages he would be required to pay the owner; (2) Rife et al. failed to discharge their burden of proof for such claim; and (3) there is no evidence of probative value on which to base a judgment on such claim. The two written contracts each contained the following: The contractor agrees "(k) to make no demand for liquidated damages or penalty for delay in any sum in excess of such amount as may be specifically named in the subcontract." And, "if contractor is delayed in finishing job through fault of subcontractor, subcontractor shall reimburse contractor for any liquidated damages which he may have to pay owner because of delay caused by subcontractor."

■ Rife pled that the Housing Authority assessed a penalty of $600 against Rife for delay on Project 9–11–E and that Morris was liable therefor because it caused the delay. The judgment allowed Rife such claim as an offset against the amount it found Rife was indebted to Morris. The parties having by contract, in advance, agreed on the amount as liquidated damages, Rife could not recover both liquidated damages and the alleged actual damages. Allpress v. McGill, Tex.Civ.App., 246 S.W. 2d 714, and cases there cited; 13 Tex.Jur., pp. 335, 336.

■ On Rife's claim for $9,941.29 for insurance premiums, Rife has failed to refer us to the record where such matter may be found and therefore we need not consider it. Rule 418, VARCP. Point 6 is overruled.

Appellants Seaboard Surety Company and U. S. Guarantee Company adopt the brief of Rife and add thereto three original points, to wit: Error in rendering judgment for Morris and intervenors against them jointly and severally because the undisputed evidence shows: (1) Seaboard was surety on one contract and U. S. Guarantee was surety on the other contract; and Seaboard could not be liable on the contract for which U. S. Guarantee was

surety, and vice versa; (2) that Seaboard was surety on one contract and U. S. Guarantee was surety on one contract only and the proof fails to disclose on which contract Dallas Concrete Company furnished materials; (3) the undisputed evidence is that Seaboard was surety on one contract only and the proof fails to disclose on which contract Blue Diamond furnished materials; countered that the trial court correctly entered judgment against Seaboard and U. S. Guarantee jointly and severally because (1) Morris pled that Rife et al. were jointly liable to it; (2) Rife et al. defended the suit jointly and filed joint pleadings; and (3) Rife et al. never asserted several liability in the trial court; hence are estopped to assert it for the first time on appeal; countered that trial court correctly entered the joint and several judgment because (1) plaintiff pled: "(1) Plaintiff pled that defendants were jointly liable to it; and (2) Defendants defended the suit jointly and filed joint pleadings; and (3) Defendants never asserted several liability in the trial court, hence they are estopped to assert it for the first time on appeal."

■ It is undisputed that there was a separate bond on each project (9–11–B and 9–11–E); and Seaboard signed as surety on one, U. S. Guarantee signed as surety on the other. However, both parties tried the case on the theory on which the judgment was based and on which the trial court entered judgment. The only question is whether or not parties can try their cases on a theory which is not a proper theory and then the losing party, after verdict, for the first time raise the question that the trial was on the wrong theory. We think not. Parties are bound by, and restricted to, the theory upon which they try their cause without objection. Dittoe v. Jones, Tex.Civ.App., 220 S.W.2d 315 (ref. n. r. e.); Carruth v. Valley Ready-Mix Concrete Co., Tex.Civ.App., 221 S.W. 2d 584 (ref. n. r. e.); Humphrey v. Wood, Tex.Civ.App., 256 S.W.2d 669 (ref. n. r.

e.); Knandel v. Cameron, Tex.Civ.App., 263 S.W.2d 184; Sinclair Houston Federal Credit Union v. Hendricks, Tex.Civ.App., 268 S.W.2d 290, 43 A.L.R.2d 1234 (ref. n. r. e.); Nueces County Water, etc. v. State ex rel. Wilson, Tex.Civ.App., 270 S.W.2d 672 (ref. n. r. e.); Simmons & Simmons Const. Co. v. Rea, Tex., 286 S.W. 2d 415. Points 1, 2, and 3 are overruled and the counterpoints are sustained.

Appellant Neil Brans, Trustee for Morris, duly perfected his appeal as against Rife Construction Company, Seaboard Surety Company, U. S. Guarantee Company, Blue Diamond Company, and Dallas Concrete Company, briefing seven points of error.

Points 1 to 4 inclusive assert error in substance in apportioning, (1) to Blue Diamond the sum of $2,179.29 out of the $31,-981.76 the court found Rife et al. was indebted to Morris; (2) to Dallas Concrete Company the sum of $3,740.52 out of the $31,981.76 the court found Rife et al. was indebted to Morris; (3) to Dallas Concrete Company the sum of $3,740.52 out of the said $31,981.76; (4) to Blue Diamond the sum of $2,179.29 out of the $31,-981.76 the court found Rife et al. was indebted to Morris; each because it resulted in an unlawful preference being made to creditor Morris, a bankrupt.

Blue Diamond counters that the trial court correctly found (1) that Blue Diamond was a third party beneficiary of the contracts and bonds; (2) Blue Diamond was the equitable assignee of the funds held by Rife et al. arising from the subcontract with Morris; (3) Rife et al. was secondarily obligated to Blue Diamond and could offset its payment, as against Morris, the primary obligor to Blue Diamond; and (4) Seaboard and U. S. Guarantee were jointly and severally liable to Blue Diamond since they and their principal failed to raise the issue or defense of a division of materials between two contracts performed and conducted simultaneously. Dallas Concrete Company counters Mor-

ris' second and third points that the trial court did not err in apportioning to it $3,-740.52 out of the $31,981.76 Rife had retained from the total contract price due Morris, said judgment being rendered against Rife et al.; (3) Rife has secondarily objected to Blue Diamond and could offset its payment as against Morris, the primary obligor to Blue Diamond; and (4) Seaboard and U. S. Guarantee were jointly and severally liable to Blue Diamond since they and their principal failed to raise the issue or defense of division of materials between the two contracts performed and conducted simultaneously. Dallas Concrete counters Morris's second and third points that the trial court did not err in apportioning to it $3,740.52 out of the $31,981.76 that Rife et al. had retained from the total contract price due Morris, said judgment being rendered against Rife et al.

In addition to the statement of the case hereinabove set out, Morris Masonry Company added in its pleading points against Dallas Concrete Company and Blue Diamond. The Texas Bank & Trust Company then intervened.

The material primary question is whether Seaboard and U. S. Guarantee were liable under the performance bond as sureties to the subcontractors.

The performance bond contained, among others, the following provisions: That the principal and surety are firmly bound unto the Housing Authority "and to subcontractors, workmen, laborers, mechanics and furnishers of materials and to all others entitled to protection under public contract bonds in accordance with the laws of this State, the provisions of such laws being incorporated herein by reference, as their interest may appear, all of whom have a right to sue on this bond * *."

Under the undisputed facts here, Blue Diamond and Dallas Concrete Company were subcontractors and furnished their materials, etc., which went into the Hous-

ing Authority buildings, to Morris Masonry, Inc., subcontractor. Rife, the contractor, is primarily liable to subcontractors under him (Rife) and to the Housing Authority as owner. The Housing Authority contracted only with Rife and is liable to Rife's subcontractors only by reason of the statute which sets out the conditions precedent to fix or establish a lien on the balance due the general contractor. The subcontractors under Morris are derivative claimants to the funds in the hands of the Housing Authority, the owner.

As stated in 34 Tex.Jur. 764, Public Works Contracts, sec. 22: "The contractor is liable, of course, irrespective of the bond or contract, to all who have furnished material or labor directly to him. However, in respect of derivative claimants who have furnished labor or material to a subcontractor, the obligation of the contractor arises solely by virtue of the bond required by statute * * *, in the absence of any other agreement to be responsible. And in order to recover on the bond against the contractor, as well as against the surety, the derivative claimants must file their itemized claims in compliance with the statute." See Brown & Root v. Durland, 126 Tex. 20, 84 S.W.2d 1073; Metropolitan Cas. Ins. Co. of New York v. Texas Sand & Gravel Co., Tex.Civ.App., 68 S.W. 2d 551.

There is no provision in the contract here for the retention of percentages by Morris, but if there were, a compliance with the statute to establish a lien thereon would have been necessary to a recovery from such fund.

All of points 1 to 4, inclusive, raise the question of the division of the total fund ($31,981.76) between the claimants here, since such fund, they assert, was not subject to be divided between such creditors by the State District Court, because such fund should have been administered in the Bankruptcy Court for the benefit of all creditors of Morris, and that the judgment

here resulted in an unlawful preference to appellees.

The record shows that neither Blue Diamond nor Dallas Concrete Company filed itemized claims with the County Clerk under Art. 5160, VACS. Such failure left them without a lien and therefore barred a recovery by them. Employers' Liability Assur. Corp. v. Young County Lumber Co., 122 Tex. 647, 64 S.W.2d 339.

The fund, under such circumstances, was a part of the general assets subject to be administered by the Trustee in Bankruptcy for the benefit of all general unsecured creditors. 8 C.J.S., Bankruptcy, §§ 29, 451, 478, pp. 443–446, 1323, and 1355. Points 1 to 4, inclusive, are sustained.

Points 5 and 6 assert error in the conclusions of law (e) and (f), as follows: "(e) I conclude that Dallas Concrete Company has a superior claim for materials sold to and owing by Morris Masonry Company, Inc., in the sum of $3,740.52 for which A. J. Rife Construction Company and Associates and the two surety companies are jointly liable on their performance bonds therefor and that Dallas Concrete Company is entitled to recover such amount out of the $31,981.76 award made to the plaintiff herein. (f) I conclude that Blue Diamond Company has a valid claim for materials sold to and owing by Morris Masonry Company, Inc., in the sum of $2,179.-29 for which A. J. Rife Construction Company and Associates and the two surety companies are jointly liable on their performance bonds therefor and that Blue Diamond Company is entitled to recover such amount out of the $31,981.76 award made to the plaintiff herein." These points are sustained for the reasons stated under points 1 to 4 inclusive.

Point 7 asserts error in overruling Morris' motion to strike the plea in intervention of Blue Diamond "because it was only a general creditor of the bankrupt and had no right or claim against the bankrupt's

creditors, A. J. Rife et al., and could not have independently maintained suit against said debtors of the bankrupt, hence it had no right to intervene herein." Countered that the trial court correctly found (1) Blue Diamond was a third party beneficiary of the contracts and bonds; and (2) was the equitable assignee of the bonds held by Rife et al. arising from the subcontract with Morris; (3) that the trial court correctly found Rife et al. was secondarily obligated to Blue Diamond and could offset its payment as against Morris, primary obligor to Blue Diamond; (4) that Seaboard Surety and U. S. Guarantee were jointly and severally liable to Blue Diamond since they and their principal failed to raise an issue or defense of division of materials between the two contracts performed and conducted simultaneously. Point 7 is sustained for the recited reasons and those discussed under points 1 to 4 inclusive.

McCord and Guthrie, attorneys, intervened, claiming $7,995.44 under a written assignment to them of a 25% interest in the recovery of Morris, such assignment having been executed March 3, 1954. The bankruptcy proceeding was filed on June 2, 1954. The bankruptcy proceeding therefore took precedence since filed within four months of the execution of the assignment.

The judgment, for the reasons above stated, is, on Rife's and Seaboard's appeal, affirmed; and on Brans' appeal is reversed and dismissed without prejudice to any right or cause it may have as a claimant or creditor in the bankruptcy proceeding.

## On Rehearing.

McCord and Guthrie assert in their motion for rehearing certain errors in our disposition of this appeal, correctly stating that the record shows (in addition to other matters) there was no proper attack on the assignment by Morris Masonry Company to McCord and Guthrie, Attorneys; and that there was in the record testimony of an oral assignment to them prior to the four-months period between the bankruptcy proceeding here was filed and therefore the written assignment supplemented such oral assignment and that therefore the assignment to them was in fact not within the four-months period before bankruptcy and therefore valid. We must sustain the motion and modify our former order in so far as we reversed the judgment as to Guthrie and McCord and here now render judgment in favor of Robert Lee Guthrie and David C. McCord, Attorneys, for the amounts due under the assignment; otherwise the motion for rehearing is overruled.