FRIEDMAN STEEL SALES,
INC., Appellant,

v.

TEXAS UTILITIES COMPANY,
Appellee.

No. 8662.

Court of Civil Appeals of Texas,
Texarkana.

Nov. 28, 1978.

Rehearing Denied Dec. 19, 1978.

Donald B. Friedman, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellant.

Travis E. Vanderpool, Worsham, Forsythe & Sampels, Dallas, for appellee.

HUTCHINSON, Justice.

Appellant, Friedman Steel Sales, Inc., seeks enforcement of its materialman's lien filed against property of appellee for materials sold to a subcontractor erecting improvements at appellee's power plant. On June 30, 1975, the time of the filing by appellant of its affidavit for lien, the subcontractor was indebted to it in the sum of $20,902.95. At the request of the subcontractor and the appellant, appellee issued two checks payable jointly to the subcontractor and appellant, one being dated July 31, 1975, in the sum of $13,822.34 and the other being dated September 9, 1975, in the amount of $14,733.90. Each of these checks was endorsed by the subcontractor, and appellant in return for them gave its checks payable to the subcontractor in sums totaling $20,356.24. Appellant then deposited the two checks of appellee in its account. Subsequently, the subcontractor defaulted on its contract with appellee and its portion of the construction was completed by appellee. The subcontractor was an original party defendant in this suit but upon taking bankruptcy was dismissed on appellant's motion.

Trial was had before the court and a take nothing judgment was entered. At appellant's request the trial court made its findings of fact and conclusions of law, concluding that the issuance and acceptance of the checks payable jointly to appellant and the subcontractor constituted payment by appellee to appellant.

Appellant and appellee apparently are in agreement that the facts here and the facts in *F. & C. Engineering Co. v. Moore*, 300 S.W.2d 323 (Tex.Civ.App. San Antonio 1957, writ ref'd n. r. e.), are virtually identical. At the time of the opinion in *F. & C. Engineering*, supra, by now Supreme Court Justice Barrow, there was no guiding Texas precedent and no other exists at this time. It remains and is the law of this State governing the facts before this Court. There the court reasoned:

" . . . the materialman had within his control $8,000 which he could and should have applied thereon. He did not do so, but on the contrary, turned $2,000 of the money over to the subcontractor, on the representation of the subcontractor 'that he wanted to use it to pay labor and miscellaneous obligations.' It was not the province of the materialman to advance money to the subcontractor to pay 'labor and miscellaneous obligations,' nor to determine how much the subcon-

tractor needed, if any, for that purpose. The materialman in this case having done so and having advanced to the subcontractor $2,000 by its own check, the materialman became a simple money creditor of the subcontractor and thereby released both the general contractor and its surety as to said amount."

The judgment of the trial court is affirmed.