IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-10-00161-CV

 

William R. Vance, Jr., Individually 

and as Independent Executor of the 

Estate of Florence K. Grace, Deceased,

                                                                                                Appellant

v.

 

CAROLYN
G. VANCE,

                                                                                                Appellee

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 12,787-PC

 



ORDER OF RECUSAL










 

            I hereby recuse myself from further
participation in this case.  Tex. Code
Jud. Conduct, Cannons 1, 2, and 3, reprinted in Tex. Gov’t Code Ann., tit. 2, subtit. G app. B (Vernon 2005);
Tex. R. App. P. 16.2; and Tex. R. Civ. P. 18b(2)(a).

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

                                                                        Date:
  May 18, 2010






in-right: 0.5in">27: Dealers did not incur any reasonable and necessary
attorneys fees in connection with trial or appeal of this
case. 

28 and 29: Hartford did not act as a surety on any payment bond on the two units.

Conclusions of Law
 
30: Dealers' claim against Williams and Hartford was
based only on Article 5160, Tex. R. Civ. Stat.
 
31: Dealers was required to notice Williams of amounts
claimed on or before the 36th day following the 10th day
of the month following delivery of materials for which it
claims it was not paid, before it could enforce any right
of action against Williams pursuant to Article
5160B(b)(2), Tex. R. Civ. Stat.
 
32: Dealers' notice to Williams of July 15, 1987, would
only be sufficient to support recovery by Dealers for
materials delivered in May 1987, for which it had not
been paid. 
 
33: Dealers failed to give sufficient notice to Williams
of the claims pursuant to Article 5160B(b)(2), Tex. R.
Civ. Stat.
 
34: The amounts claimed by Dealers to be due from
Williams are not just, true, and due.
 
35:Williams is entitled to credit for amounts paid
jointly to Dealers and Fort Bend.
 
36:Dealers is not entitled to recover any amounts by way
of its cause of action against Williams and Hartford.

Dealers' 14 points of error may be profitably summarized as 

follows:

(1) The trial court erred in finding that Dealers had no
direct contractual relationship with Defendants for the
construction of the Beto and Trusty Camp Units, because the
evidence conclusively established the opposite. (Findings 14,15).

(2) The trial court erred in finding that no materials were
delivered by Dealers for either unit during or after May 1987, for
which Dealers was not paid, because the evidence established that
materials were delivered to the Trusty Camp Unit from 4/27/87
through 5/21/87, and to the Beto Unit from 4/24/87 through 5/18/87. 
(Findings 20, 21).

(3) The trial court erred in finding that Dealers was paid
$233,247.98 for material for the two units, because the evidence
conclusively established that Dealers did not receive all of such
funds, nor were such funds paid during a period relevant to
Dealers' claim. (Finding 22).

(4) The trial court erred in finding that Dealers turned over
$104,983.80 of such $233,247.98 to Fort Bend without giving
Williams credit therefor, because such finding is against the great
weight and preponderance of the evidence. (Finding 23).

(5) The trial court erred in finding that Dealers turned over
to Fort Bend $31,727.40, on May 21, 1987, because the
uncontroverted evidence shows that such payment was for invoices
through 4/20/87. (Finding 24).

(6) The trial court erred in finding Williams had paid all
amounts due and owing to Dealers on the two units because the only
evidence shows payment for invoices through April 20, 1987. 
(Finding 25).

(7) The trial court erred in finding that Dealers incurred no
attorney's fees because the finding is against the great weight and
preponderance of the evidence. (Finding 27).

(8) The trial court erred in finding that Hartford did not
act as a surety on any payment bond on the two units. (Findings
28, 29).

(9) The trial court erred in concluding that Dealers was
required to give the "36 day rule" notice, because Dealers was in
contractual relationship with Williams and the "90 day rule"
applied. (Conclusion 31).

    (10) The trial court erred in concluding that the July 15,
1987, notice would only be sufficient to support recovery for
materials delivered in May 1987, because Dealers was in contractual
relationship with Williams, and the July 15, 1987, notice covered
all deliveries in April, May, and June 1987, under the "90 day
rule." (Conclusion 32).

    (11) The trial court erred in concluding that Dealers failed
to give sufficient notice to Williams of the claim under Article
5160B(b)(2) Tex. R. Civ. Stat., because the only evidence shows
proper notice on July 15, 1987, well within the "90 day rule." 
(Conclusion 33).

    (12) The trial court erred in concluding that the amounts
claimed by Dealers are not just, true, and due, because the only
evidence shows Dealers to be entitled to either $16,131.89 and
$4,800.54, or the amounts of $18,093.24 and $8,421.20. (Conclusion
34).

    (13) The trial court erred in concluding that Williams is
entitled to credit for the amounts paid jointly to Dealers and Fort
Bend, because it is uncontroverted that Williams has paid upon no
invoices for materials delivered after April 20, 1987. (Conclusion
35).

    (14) The trial court erred in concluding that Dealers is not
entitled to recover any amounts against Williams and Hartford
because such conclusion is against the great weight of the
evidence. (Conclusion 36).

We address first Dealers's points 1, 2, 9, 10, 11, 12, and 14. 
Williams, the contractor, is liable to all who have furnished
material directly to him. However, as to derivative claimants who
have furnished material to a subcontractor, the obligation arises
by virtue of the statutes, and in order to recover against the
contractor as well as against the surety, the derivative claimant
must file his itemized claims in compliance with the statute. 
The statute relevant to this case provides for a 36-day notice
for a claimant who does not have a contractual relationship with
the contractor and for a 90-day notice for a claimant who has a
contractual relationship with the contractor. Both provisions
require that notice be given 36 or 90 days, as the case may be,
from the date of delivery of the materials. See TEX. REV. CIV.
STAT. ANN. art. 5160B(a),(b) (Vernon 1987).
  Plaintiff here failed to offer any evidence of the date it
delivered the materials involved. See Rife Constr. Co. v. Brans,
298 S.W.2d 254, 262 (Tex. Civ. App.--Dallas 1956, writ ref'd
n.r.e.); Metropolitan Cas. Ins. Co. of New York v. Texas Sand &
Gravel Co., 68 S.W. 2d 551, 553 (Tex. Civ. App.--Waco 1934, writ
dism'd). Dealers, having failed to show the date of delivery of
the materials furnished the subcontractor, has failed to show that
it gave timely notice of its claim. Thus it has failed to
establish its derivative claim against Williams. Points 1, 2, 9,
10, 11, 12, and 14 are overruled.
We next address Plaintiff's points 3, 4, 5, 6, and 13. To
review, these points assert that the trial court erred in finding
that Plaintiff was paid $233,247.98; that Plaintiff turned over
$104,983 of said sum to Fort Bend without giving Plaintiff credit
therefor; that Plaintiff turned over $31,727 on May 21, 1987; that
Williams had paid all amounts owing to Plaintiff on the two units;
and that Williams is entitled to credit for the amounts paid
jointly to Dealers and Fort Bend.
Dealers failed to prove the date of delivery of the materials
furnished. Without such proof, Dealers could not prove that it
gave either the 36-day or the 90-day notice, nor could it establish
a derivative cause of action against Williams. Moreover, the
evidence shows Williams paid Dealers a total of $233,247.98 for
materials used in the construction of the two units, $104,983.80 of
which Dealers turned over to Fort Bend. The evidence is undisputed
that Dealers endorsed the checks and turned them over to Fort Bend
without giving Williams any credit therefor. Finally, the trial
court concluded, with justification, that Williams was entitled to
credit for the amounts paid jointly to Dealers and Williams. 
The issuance and acceptance of checks payable jointly to a
supplier and a subcontractor constitute payment by the contractor
to the supplier so as to preclude enforcement of a materialman's
lien. Friedman Steel Sales, Inc. v. Texas Utilities Co., 574
S.W.2d 849 (Tex. Civ. App.--Texarkana 1978, writ ref'd n.r.e.); F.
& C. Engineering Co. v. Texas Utilities Co., 300 S.W.2d 323, 327
(Tex. Civ. App.--San Antonio 1957, writ ref'd n.r.e.). Points 3,
4, 5, 6, and 13 are overruled. Points 7 and 8 become immaterial
under our view of the case, and are overruled.
The judgment of the 74th Judicial District Court, McLennan
County, Texas, is affirmed.
                    
                                            
                                Terry R. Means
DO NOT PUBLISHJustice