**W. E. MITCHELL et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**G. U. YOACHUM et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. 11169, 11173.

Court of Civil Appeals of Texas.

Austin.

Oct. 16, 1963.

Rehearing Denied in No. 11169
Nov. 6, 1963.

Harrington & Harrington, Adams & Sheppard, Longview, Wynne McKenzie, Jaffe & Tinsley, Dallas, Smead & Harbour, Jerry S. Harris, Longview, for appellants, W. E. Mitchell and others.

J. W. Tyner, Glass & Glass, Tyler, John Ford, Kilgore, Fred Erisman, Longview, Gordon Wellborn, Houston, Phenix, Keeling & Wilder, Henderson, for appellants, G. U. Yoachum and others.

Waggoner Carr, Atty. Gen., Cecil C. Rotsch and Robert B. Tyler, Asst. Attys. Gen., Austin, for appellee.

ARCHER, Chief Justice.

These cases were filed and briefed separately, but were submitted and argued together and present the same questions and we will determine the issues in one opinion.

These are venue cases and in Cause No. 11,169 an order was entered in the Trial Court consolidating 61 Pleas of Privilege filed in 35 different penalty suits filed by the Attorney General in behalf of the State, and a similar order was entered in No. 11,173 consolidating numerous pleas of

privilege in 69 separate penalty suits filed by the Attorney General in behalf of the State.

In Cause No. 11,169, proceedings were had as follows:

On the joint hearing evidence was offered applicable to cause No. 130,856, and by stipulation in open court, made in order to shorten the record on the venue question common to all such hearings and cases, it was agreed that the State's petition and controverting pleas, filed in each of such consolidated cases, were identical in substance (differing only in names of defendants, dates, leases and wells), and that all would be considered as offered on the same basis as those in said cause No. 130,856, and that the testimony of Linward Shivers and Cecil C. Rotsch in such cause No. 130,856, shall be applicable to the other defendants whose pleas of privilege were consolidated and heard, and would be the same in each case.

The only evidence offered by the State consisted of the State's petition (Exh. 1) and the State's controverting pleas to the several pleas of privilege, (Exh. 2–A, 2–B, 2–C, and 2–D) which were admitted in evidence over defendants' objection. The defendants' objection to such evidence was predicated upon the fact that the jurat to the controverting affidavits was based solely upon hearsay by parties not able to testify as to facts set forth, and that the controverting affidavits being insufficient, there was no basis for introducing the petition. Upon the State's sole evidence of pleadings, the Court overruled the Appellants' respective pleas of privilege by one consolidated order entered on the 16th day of July, 1963.

A similar hearing with similar proceedings were had in the cases involved in Cause No. 11,173, and we do not copy such herein.

The points upon which the appeals are predicated are to the effect that there is no evidence, or that the evidence is insufficient to support the Trial Court's order overruling the pleas of privilege and such is against the great and overwhelming preponderance of the evidence and that the State failed to plead and prove any facts to sustain venue in Travis County; that the State's controverting affidavits, made by a person from hearsay without personal knowledge, is insufficient as a matter of law.

Since the questions presented in these appeals are the same as were presented in Harrington v. State, Tex.Civ.App., 363 S.W.2d 321, er. ref., n. r. e., we do not discuss the law or the facts, believing that the majority holding in the Harrington case supra is determinative of all issues in the present appeals, and we reaffirm our holding.

Appellants have filed very forceful briefs and among cases have cited Leonard v. Maxwell, Tex., 365 S.W.2d 340, reversing a decision of this Court and found in 356 S.W.2d 335.

We do not believe that the fact situations are at all similar in the Leonard case and in the instant cases. Article 6036 Vernon's Ann.Civ.St., authorizes the institution of suits in Travis County, or in the residence of the defendant, and if more than one defendant, in the County of the residence of any of them or in the County in which the violation is alleged to have occurred for the recovery of penalties, etc.

The Attorney General elected to file suit in Travis County as he had a legal right to do.

Ray Cowan v. State of Texas, Tex.Civ. App., 356 S.W.2d 170, er. dism., w. o. j.

The judgments of the Trial Court are affirmed.