

# THE ATTORNEY GENERAL
# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

January 10, 1968

Honorable Criss Cole
Chairman, State Committee
for Study of Land Use and
Environmental Control,
State Senate
Austin, Texas

Opinion No. M-190

Re: Whether Sec. 13(D) of the
Clean Air Act of Texas
(Chapter 727, Acts of the
60th Legislature, R.S. 1967)
requires that a local govern-
ment obtain Texas Air Control
Board approval before it may
institute a civil suit for
penalties or for injunctive
relief under Section 12 of
said Act, and related ques-
tions.

Dear Sir:

Your request for an opinion from this office concern-
ing the power of local governments under the Clean Air Act of
Texas, 1967, (Chapter 727, Acts of the 60th Legislature, R.S.,
Page 1941; Art. 4477-5, V.C.S.) and the Texas Water Quality Act
of 1967, (Chapter 313, Acts of the 60th Legislature, R.S., Page
745; Art. 7621d-1, V.C.S.), relate to almost identical provi-
sions in the two laws concerning the power of local governments
to act. You pose thirteen questions which by nature of their
importance must be repeated herein.

1.

"Does Section 13(D) of the Clean Air Act of Texas,
1967, require that a local government gain the
approval of the Texas Air Control Board before it
may institute a civil suit for penalties (or an
injunctive proceeding) under Section 12 of the
Clean Air Act of Texas, 1967?"

It is our opinion that a local government may act independently of the Texas Air Control Board in exercising its powers under Section 13(D) of the Clean Air Act of Texas. This Section provides as follows:

> "(D)  In the same manner as the board, a local government, upon formal resolution of its governing body, may enforce through its own attorney the provisions of Section 12 of this Act. However, a local government may not bring an action against a state agency or department, another local government or any other political subdivision of the state for the assessment of the penalty specified in Section 12. In any suit instituted by a local government under this subsection, the board is authorized to be and must be a necessary party to the local government's suit."

It is obvious from the above statute that Section 12 covers not only penalty acts for civil penalties but injunctive proceedings as well. The requirement for joinder of the Texas Air Control Board is plain, and the Attorney General or Board must be served with process as a necessary party. Coffee v. William Marsh Rice University, 403 S.W.2d 340 (Tex. Sup. 1966). In addition to the above actions, it is our opinion that any other suits brought under Section 14 of the Act designed to pursue all common law remedies available to abate the pollution or other nuisances or for damages therefor, would require the joinder of the Texas Air Control Board as a third party plaintiff or defendant under Tex. Rules Civ. Proc. Rule 39.

2.

> "Do Sections 15(a) (2) and 16(g) of the Texas Water Quality Act of 1967 require that a local government gain the approval of the Texas Water Quality Board before it may institute a civil suit for penalties under Sections 14 and 15 or an injunctive proceeding under Section 16(e) of the Texas Water Quality Act of 1967?"

The provisions of the sections of the Texas Water Quality Act of 1967 are almost identical in substance to those discussed above in Question 1 and the same answer would apply thereto. Under the provisions of Section 15, the Texas Water Quality Board must be joined as a third party plaintiff or defendant in any suit by a local government for injunctive relief, civil penalties, or common nuisances.

3.

"Under the Texas Rules of Civil Procedures, is there a difference in legal effect between the phrase "The Board is authorized to be and must be a necessary party to the local government's suit" as used in Section 13(D) of the Clean Air Act and the phrase "The Board created by this act is authorized to be and must be a necessary and indispensable party to any suit brought by a local government under this section", as used in Sections 15(a) (2) and 16(g) of the Texas Water Quality Act?"

Although there is a legal difference in "necessary" parties and "indispensable" parties, it is our opinion, after examining the Texas Water Quality Act and the Texas Clean Air Act, that in each suit brought by a local government, such as a city, county or water district, the appropriate Board, whether it be the Texas Air Control Board (for air pollution) or the Texas Water Quality Board (for water pollution), is indispensable and must be joined as a third party plaintiff or defendant, Tex. Rules Civ. Proc. Rule 39; Texas Electric Service Company v. Faudree, 410 S.W.2d 477, (Tex.Civ.App., 1967, error ref.).

4.

We will consider the next two questions together:

(a) "If the Texas Water Quality Board were joined in a suit under Section 15(a) (2) or 16(g) of the Texas Water Quality Act, would the Board's refusal to participate in the action as a party plaintiff prevent the local government that filed the suit from prosecuting the action to its conclusion?"

(b) "If the Texas Air Control Board were joined in a suit under Section 13(D) of the Clean Air Act of Texas, would the Board's refusal to participate in the action as a party plaintiff prohibit the local government that filed the suit from prosecuting the action to its conclusion?"

It is our opinion that once the appropriate State
Board or the Attorney General have been served with citation
in the manner provided by law, failure or refusal of the
State Board to further participate in the action as a third
party plaintiff or defendant, would not prevent the Court
from proceeding in the case, or the appellate courts from
exercising any appeal jurisdiction therein.  Coffee v.
William Rice University, supra.

5.

The next inquiry is quoted as follows:

"Section 12 of Chapter 42, Acts of the 57th
Legislature, First Called Session, 1961,
(Article 7621d, Vernon's Texas Civil Statutes -
repealed by the 60th Legislature) provides
"This Act shall not in any way affect the
right of any person to pursue all legal and
equitable remedies available to abate pollu-
tion and other nuisances or recover damages
therefrom or both."  Section 20 of the Texas
Water Quality Act of 1967 provides, 'This Act
shall not in any way affect the right of any
private corporation or individual to pursue
all legal and equitable remedies to abate a
condition of pollution or other nuisances or
recover damages therefrom, or both.'  Section
23 of the Texas Water Quality Act of 1967, in
part, provides 'To the extent that a general,
local, or special law may be construed to give
local governments, as defined in this act, the
authority to set and enforce water quality
criteria other than those adopted by the Texas
Water Quality Board that law is repealed.'
What effect, if any, do the quoted provisions
of the Texas Water Quality Act of 1967 have on
the authority of a city or county to prosecute
a nuisance suit - particularly under the pro-
visions of Article 695, Vernon's Texas Penal
Code?  Is the effect different than the effect
of the quoted provision from Article 7621d?"

Sections 20 and 23, Article 7621d-1, do not affect the
authority of a city or county to abate pollution as a common
law public nuisance.  The Texas Water Quality Act of 1967 is
not the sole remedy to abate pollution as a public nuisance,
nor does it cover the entire field of nuisance in pollution

cases, particularly where the basis of complaint may be something else, such as health hazards, which is the purpose of Article 695, Vernon's Penal Code, to prohibit. Section 20, Article 7621d-1, simply preserves the right to bring private nuisance cases apart from the operation of the Act.

## 6.

Your next question we dispose of asks for statutory construction:

"When construed together, what effect have Sections 14 and 15 of the Clean Air Act of Texas had upon the nuisance-abatement and ordinance-making power of local governments in the matter of air pollution? Do Sections 14 and 15 have any effect on the use of Article 695, Vernon's Texas Penal Code?"

It is our opinion that Sections 14 and 15 of the Clean Air Act of Texas are merely a statutory cumulation of rights that have not been superseded by the statutes. The real question in regard to validity of local ordinances as to air pollution rests with the determination under Section 15 as to whether such ordinances are in fact consistent with the provisions of any statute or rules, regulations or orders of the Texas Air Control Board.

## 7.

You next ask:

"If a local government making an inspection under Section 16(a) of the Texas Water Quality Act discovers either (1) that a person or another local government discharging effluent into the public waters located in the areas over which the local government has jurisdiction has not obtained a permit for such a discharge; or (2) that a person or another local government who possesses a permit to discharge into the public waters are making discharges that are not in compliance with the requirements of the permit, does the local government have ample authority under the Texas Water Quality Act to enjoin or seek penalties for the action?"

In line with the previous discussions of the powers of the local governments, there is no vested right to commit a nuisance or to violate a statute grounded upon nuisances, and the

only effect of a permit from the Texas Water Quality Board would be to protect the Permittee from "statutory pollution". If a nuisance in fact exists, the local government could take advantage of its powers of injunction or civil penalties under the Act. In this connection it is well to remember that one local government may not sue a governmental agency. The State of Texas can bring such a suit and a local government could then intervene.

## 8.

Your inquiry concerning injunction and penalties and powers reads:

"If a local government makes an inspection under Section 13(B) of the Clean Air Act of 1967, and discovers that emissions from a source do not meet the requirements set by the Texas Air Control Board or that a person is not in compliance with an order, rule, or regulation of the Texas Air Control Board, does the local government have ample authority under the Texas Air Control Act to enjoin or seek penalties for the action?"

The rules and regulations of the Texas Air Control Board, which are reasonable and made in conformity with the statutory authority therein given, may be a source of violation which a local government could enforce by seeking injunction or civil penalties for violation of the rule, regulation or order of the Air Control Board. Sections 13(B) and (D) Clean Air Act, state that this may be done.

## 9.

You inquire further as follows:

"Under the Clean Air Act of Texas, 1967, does a local government have the authority to enforce the provisions of Section 12 of the Act against a source that is located outside the territorial jurisdiction of the local government but is not causing a condition of air pollution inside the territorial jurisdiction of the local government?"

Suit for statutory air pollution must be for "emission" of the air pollutant, and if the emission occurs outside of the territorial area of the local government and does not cause hurt or injury within its boundaries or jurisdiction, no suit can be brought

for statutory air pollution. This opinion does not pass upon any causes of action which Section 14 preserves.

10.

You ask,

"Under the Texas Water Quality Act of 1967, does a local government have the authority to enforce the provisions of Sections 14 and 15 of the Act against a person located outside the territorial jurisdiction of the local government but whose activities are causing a condition of pollution inside the territorial jurisdiction of the local government?"

Suit for statutory water pollution under the Texas Water Quality Act is to be brought under Section 14 at the place where the water pollutant is thrown, drained, etc. into the stream. If such a point on a stream is outside the territorial jurisdiction of the local government, and hurt or injury is caused within the territorial jurisdiction of the local government, suit can be brought where the pollutant is being put into the stream. There may be additional jurisdiction by the local government to bring a suit elsewhere under Section 15 of the Texas Water Quality Act. Harrington v. State, 363 S.W.2d 321, (Tex.Civ.App., 1963, error ref. n.r.e.); Mitchell v. State, 371 S.W.2d 799, (Tex.Civ.App., 1963, error dism.).

11.

We will now consider your last two questions together:

(a) "Does Section 16(c) of the Texas Water Quality Act require that a local government adopt a separate resolution authorizing each enforcement action that it takes under the Act; or may the local government adopt one general resolution (containing appropriate guidelines) that authorizes its appropriate officials to take enforcement action under the Texas Water Quality Act as the need arises?"

(b) "Does Section 13(D) of the Clean Air Act of Texas require that a local government adopt a separate resolution authorizing each enforcement action that it takes under the Act; or may the local government adopt one general

resolution (containing appropriate guide-
lines) that authorizes its appropriate
officials to take enforcement action under
the Texas Clean Air Act as the need arises?"

Under both the nearly identical provisions of the two sta-
tutes relating to water and air pollution, the Legislature speaks
of a "suit" being brought "upon formal resolution of its governing
body", and the word "suit" is used in the singular which might mean
that a formal resolution is needed for each suit brought by a local
government. However, Section 2.02(b) of Article 5429b-2, V.C.S.
(The Code Construction Act), provides that the singular includes
the plural. We think the remedial and procedural statute does not
specifically require a formal resolution for the bringing of each
suit. Futhermore, if this statute is subject to construction it
must be liberally construed, and we are not at liberty to read such
a restriction into the statute. The discretion in such cases is to
be left to the local governing body. It would thus appear that a
general authorization for suits under the Texas Water Quality Act
or Texas Air Control Act of 1967 is sufficient.

## SUMMARY

A local government may institute suits
without the Texas Air Control Board approval
or Texas Water Quality Board approval under
the provisions of Article 4477-5, V.C.S., or
Article 7621d-1, V.C.S.; the Water or Air Board
must be joined as a third party plaintiff or
defendant under Tex. Rules Civ. Proc. Rule 39.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
John Grace
John Banks
Robert Flowers
Dyer Moore, Jr.

STAFF LEGAL ASSISTANT:
A. J. Carubbi, Jr.